Hunt v. Hawley et al.

1. **Appeal**: IN ACTION FOR PARTITION: NOTICE TO CO-PARTIES. In an action for partition, where there were several defendants, and only one of them appealed from the judgment of partition, it was necessary, in order to perfect the appeal, for the appellant to serve notice of the appeal on all the other parties to the action, and to file proof thereof with the clerk of this court. (Code, § 3174.) Proof of service upon appellant's co-defendants not having been so filed in this case, the appeal is dismissed.

*Appeal from Lee Circuit Court.*

TUESDAY, DECEMBER 7.

ACTION in equity for the partition of real estate. E. J. Dickinson was one of the defendants, and she alone appeals.

*Geo. Edmonds* and *Frank Allyn*, for appellant.

*Miller & Son* and *A. J. McCrary*, for appellee.

SEEVERS, J.—The petition states, in substance, that the plaintiff and defendants are the owners of certain real estate, and that the share of each is the one-ninth part, and the plaintiff asked that the share of each of the parties be confirmed, and partition made accordingly. The appellant and her husband answered the petition, and denied that the plaintiff or the other defendants owned any portion of the real

estate; and it was pleaded that the appellant was the owner of all the real estate in controversy. None of the other defendants filed any pleading, or answered the petition, unless, possibly, an answer or other pleading was filed by a guardian *ad litem* for the infant defendants. The court found and determined that partition should be made as asked in the petition. Thereupon the appellant caused a notice of appeal to be served on the plaintiff and the clerk, and the plaintiff filed a motion to dismiss the appeal, because it was not served on the co-defendants of the appellant, who decline to join in the appeal.

It is provided by statute: "A part of several co-parties may appeal, but, in such case, they must serve notice of appeal upon all the other co-parties, and file proof thereof with the clerk of the supreme court." Code, § 3174. This statute requires that, where one of a number of defendants appeals, notice of the appeal must be served on the co-defendants. But whether it should be so construed in all cases we do not determine. It certainly should be, we think, in an action for partition of real estate, where one defendant seeks a modification of a judgment which will prejudicially affect the co-defendants. It is apparent that, although this action is triable *de novo* in this court, we cannot grant the relief asked by the appellant, or direct the court below to do so, simply for the reason that the defendants other than the appellant are not parties to this appeal. We therefore cannot do anything which will prejudicially affect them. It is therefore useless to go through the idle form and ceremony of considering the merits of this action, when we are powerless to render any judgment other or different from that entered in the court below.

Counsel for the appellant insist that the attorneys for the plaintiff in fact appeared for and represented all the defendants other than the appellant. But we are unable to find sufficient evidence of such fact in the record. Besides this, the notice of appeal is directed to "Samantha A. Hunt, or D. F.

Miller and A. J. McCrary, her attorneys." Conceding that the notice was served on the attorneys named, it is apparent that they were so served as attorneys of the plaintiff, and not as attorneys of any of the defendants.

It is also claimed that George A. Hawley, an attorney at law, appeared for or represented some or all of the defendants except the appellant. We are not sure that this is so, but, conceding that it is, we find no evidence that the notice of appeal was served on Mr. Hawley.

The appeal is

DISMISSED