## MOORE v. HELD ET AL.

1. **Appeal:** JURISDICTION: SERVICE OF NOTICE ON CO-PARTIES. Section 3174 of the Code, which provides that "a part of several co-parties may appeal, but in such case they must serve notice of the appeal upon all the other co-parties," does not make the service of such notice on co-parties a condition of jurisdiction; (compare Code, §§ 3178, 3179,) but in such case this court has jurisdiction to determine such questions in the case as affect only the rights and interests of the appellant and the adverse party. (*Hunt v. Hawley*, 70 Iowa, 183, distinguished. See, also, par. 3 of the opinion.)

2. **Cities and Towns:** CONVEYANCE TO TOWN: RESCISSION IN EQUITY. TOWN NOT A PARTY. Where land had been conveyed to a town, and the vendor had received a part of the purchase-price, *held* that a refunding of the money and a reconveyance of the land could not be ordered in equity in an action to which the trustees of the town were parties, but the town itself was not a party.

*Appeal from Boone District Court.*

SATURDAY, DECEMBER 17.

PLAINTIFF is a tax-payer in the town of Boonsboro. The

defendant George W. Hoover is mayor, and the defendants Burkly, Bowman, Sherman, Held and Babcock are trustees, and defendant Mathew is recorder, of said town. Plaintiff brought this action to enjoin the defendants from negotiating certain bonds of the town, and from paying any money belonging to the corporation upon certain contracts for the purchase of a tract of ground, and the erection of a building thereon. The petition also prayed for general relief. The contract for the purchase of the ground was entered into with defendant Held, and before the action was commenced he had conveyed the premises to the town, and had also received a part of the consideration agreed to be paid therefor. The district court entered judgment restraining the sale of the bonds, and the payment of any money on the contracts; also requiring defendant Held to pay back to the town the amount of money received by him under the contract, and appointing a commissioner to reconvey the premises to him. Defendants Held and Bowman appeal.

*E. L. Greene*, for appellants.

*S. R. Dyer* and *Ramsey & Brockett*, for appellee.

REED, J.—On the 18th of October, 1884, a resolution was introduced in the town council, and declared adopted, whereby the council resolved to purchase certain specified real estate, at the price of $1,500, for the purpose of erecting thereon a town hall. On the 3d day of November following, an ordinance was introduced, providing for issuing the bonds of the town to the amount of $3,500 to raise the money to pay for the real estate and for the erection of the building thereon. The ordinance was once read on the day it was offered, and at a subsequent meeting, held on the 5th of the same month, its second and third readings were dispensed with, and it was published and recorded among the ordinances of the town. Plaintiff's complaint is that it was never in fact put upon its final passage or adopted, and that the requisite number of trustees did not vote to suspend the rule requiring it to be

read upon three different days before being put upon its pas-
sage, and that neither it nor the resolution received the
number of votes requisite to their adoption; also, that the
price agreed to be paid for the real estate was greatly in
excess of its real value, and that the contract for its purchase
was unlawful for that reason, and for the further reason that
defendant Held, the person with whom it was made, was a
trustee and member of the council.

I.   Appellants served their notice of appeal on plaintiff
and the clerk, but did not serve it on the other defendants.

1. APPEAL: Appellee filed a motion to dismiss the appeal, for
jurisdiction: the reason that the co-defendants were not served.
service of
notice on co-
parties. The question which arises under the motion is
whether this court, in the absence of the other defendants, has
jurisdiction of the case.   Section 3174 of the Code is as fol-
lows:  "A part of several co-parties may appeal, but in such
case they must serve notice of the appeal upon all the other
co-parties, and file the proof thereof with the clerk of the
supreme court."   Sections 3178 and 3179 are as follows:
" An appeal is taken by the service of a notice in writing on
the adverse party, his agent, or any attorney who appeared for
him in the court below, and also upon the clerk of the court
wherein the proceedings were had, stating the appeal from the
same, or from some part thereof, defining such part."   " An
appeal shall not be perfected until the notice thereof has been
served upon both the party and the clerk, and the clerk paid or
secured his fees for a transcript.     *     *     * "  We
think that the requirement that the notice, when the appeal
is taken by a part of several co-parties, shall be served upon
the other co-parties, is not a jurisdictional one.   This is
apparent from the language of sections 3178 and 3179.
Under those sections, the appeal is taken by serving the
adverse party and the clerk with the notice; and it is deemed
perfected when such service is made, and the fees of the
clerk for a transcript are paid or secured.   When that is
done, this court has jurisdiction to determine such questions

in the case as affect only the rights and interests of the appellant and the adverse party. It sometimes occurs, however, that the judgment appealed from cannot be modified or reversed without injuriously affecting the interests of the co-parties with the appellant. In such case we will not consider the appeal unless the co-parties have been served. (*Hunt v. Hawley,* 70 Iowa, 183.) There are questions in this case with which the defendants who did not appeal have no concern. The motion will therefore be overruled.

II. The town of Boonsboro was not made a party to the action. The judgment, however, in effect rescinds the contract between it and defendant Held. He is required to pay back the money which he received under the contract, and a commissioner appointed by the court is ordered to execute to him a conveyance of the property. But the town cannot be divested of the property by a proceeding to which it is not a party; nor can he be required to refund the money without being placed *in statu quo.* The conveyance by the commissioner will not do that, for, as the town is not a party to the action, the conveyance would not divest it of the property. The case is within the principle of *Turner v. Cruzen,* 70 Iowa, 202.

2. CITIES and towns: conveyance to town: rescission in equity: town not a party.

III. The judgment below taxes all of the costs of the proceeding to those defendants who, as members of the town council, voted in favor of the passage of the resolution and ordinance. Appellant Bowman complains of this part of the judgment; but it is obvious that the judgment in that respect could not be modified without affecting the interests of those defendants who did not appeal. Under the rule laid down in the first division of this opinion, then, we will not consider that question.

So much of the judgment as requires the defendant Held to refund the money received by him under the contract, and directs the commissioner to reconvey the property to him, is reversed. The other provisions, we hold, cannot on this appeal be reviewed.                MODIFIED.