# WRIGHT *et al.* v. MAHAFFEY *et al.*

1. **Appeal**: NOTICE TO CO-PARTIES : JURISDICTION.  The requirement of section 3174 of the Code, that when appeal is taken by " a part of several co-parties" the notice of appeal must be served upon the other co-parties, is not jurisdictional, but in such case this court may determine the questions arising between the parties before it, and which do not affect the rights of the parties not served.  (See *Moore v. Held*, 73 Iowa, 538.)

2. **Fraudulent Conveyance** : ACTION ASSAILING : RIGHT OF GRANTEE TO ASSAIL JUDGMENT AGAINST GRANTOR.  In an action to subject fraudulently-conveyed property to the payment of a judgment against the grantor, where the grantor makes default, the grantee is not allowed to assail the validity of the judgment sought to be satisfied out of the property, by showing that the court had no jurisdiction of the person of the judgment defendant, where the record shows no such defect of jurisdiction.  (See *Semple v. Lee*, 13 Iowa, 304.)

3. **Evidence** : TO SHOW DEED TO BE MORTGAGE : SUFFICIENCY.  Where it is sought by parol to show that a deed absolute on its face was designed simply as a security, the evidence must be clear and satisfactory ; but the evidence in this case (see opinion) is *held* to be sufficient for the purpose.

4. **Fraudulent Conveyance** : ACTION ASSAILING : FORMER DISCHARGE OF GRANTEE ON GARNISHMENT : RES ADJUDICATA.  A former discharge of a fraudulent grantee, when garnished upon execution against his grantor, cannot be urged as a former adjudication in his favor in a subsequent action against him to subject the fraudulently-conveyed real estate to the payment of the judgment against his grantor ; for questions of title to real estate cannot be determined in garnishment proceedings.  (See *Boyle v. Maroney*, 73 Iowa, 70.)

*Appeal from Des Moines District Court.*—HON. CHARLES H. PHELPS, Judge.

FILED, OCTOBER 29, 1888.

THIS is an action in equity to subject certain personal and real property, the title to which was vested in defendant Hawthorn by certain conveyances from his

co-defendant Mahaffey, to the satisfaction of two judgments recovered by the plaintiffs against said Mahaffey. One of the grounds upon which relief is demanded is that the conveyances were executed and received for the fraudulent purpose of covering the property from the creditors of the grantor. Another is that they were intended as mortgages to secure an indebtedness which Mahaffey was owing, and a portion of such indebtedness had been paid. Defendant Hawthorn alone appeared and made defense. The judgment of the district court determines that the conveyances of the real estate were intended as mortgages. It also directs the sale of the property, and the application of the proceeds (1) to the satisfaction of a mortgage, which was a lien upon the premises at the time of the conveyance ; (2) to the satisfaction of the balance of the indebtedness due Hawthorn after deducting the value of the personal property, and the rental value of the real estate ; and (3) to the satisfaction of plaintiff's judgments. Hawthorn appeals.

*J. T. Illick*, for appellant.

*Jack & Cowles* and *S. L. Glasgow*, for appellees.

REED, J.—I.   Appellees filed a motion to dismiss the appeal on the ground that the notice of appeal had

1. APPEAL: notice to co-parties: jurisdiction.

not been served on defendant Mahaffey. After the filing of the motion appellant caused the notice of appeal to be published in a newspaper published in Des Moines county, and filed the proof of the publication in the office of the clerk of this court. We have no occasion to consider the question whether this service is sufficient to give this court jurisdiction of Mahaffey. The requirement of the statute (Code, sec. 3174), that where an appeal is taken by "a part of several co-parties" the notice of appeal must be served upon the other co-parties, is not jurisdictional. *Moore v. Held*, 73

Iowa, 538. In such case the court has jurisdiction to determine the questions arising between the parties before it, and which do not affect the rights and interests of those not served. By his default in the court below Mahaffey admitted the validity of plaintiffs' judgments; also that any interest retained by him in the property was subject to be appropriated to their satisfaction. These admissions are of course binding on him alone. But in view of them no interest of his can be prejudiced by the determination of the questions as between the other parties. The motion will therefore be overruled.

II. In an amendment to his answer appellant alleged that the action in which one of plaintiffs' judgments was rendered was upon a money demand; that Mahaffey was a non-resident of the state, and that the only evidence of the service of the original notice, before the court rendering the judgment, was an acceptance of service, indorsed upon the notice, and signed by Mahaffey, but that such acceptance was made without the state, and that he made no appearance in the action. It was also alleged that the action in which the other judgment was rendered was upon a like demand, and upon like service; that it was aided by attachment, which was sued out after the acceptance of service by Mahaffey, but no notice of such attachment was served upon him; that appellant was garnished upon the attachment, and there was a trial of the issues joined on his answer, which resulted in an order discharging him. Transcripts of the judgments, original notices and acceptances of service were attached to the answer. The judgments are personal judgments for the recovery of money; and the fact that the acceptance of service was made without the state is not shown, either by their recitals or the acknowledgments of service. The district court sustained a demurrer to this amendment to the answer, and that ruling is assigned as error. We think the ruling is right. The judgments are regular on their face, and appellant is a stranger to them. The proceeding is not to enforce the judgments against him,

2. FRAUDULENT conveyance: action assailing: right of grantee to assail judgment against grantor.

but against the property in his hands belonging to the judgment debtor. He has the right to assert his claim to the property, but no interest of his will be affected by the enforcement of the judgment against the interest therein of the judgment debtor. The question, then, as to the validity of the judgment, is one in which he has no concern, and the law will not permit him to assert a claim in which he has no concern merely for the protection of the interest of another, when he is charged with no duty to protect that interest. So long as the judgment debtor is content to permit the judgments to be enforced against his property, he cannot be heard to assert that the court rendering them had no jurisdiction of the person of the debtor. *Semple v. Lee*, 13 Iowa, 304. It is to be borne in mind that Mahaffey is a party to the action, and by his default, as stated above, he admits the validity of the judgments, and consents that any interest in the property remaining in him may be appropriated to their satisfaction.

III. It was contended that the evidence does not warrant the finding that the conveyance was intended as

3. **EVIDENCE : to show deed to be mortgage : sufficiency.**
a mortgage. It is proper in this connection to note that the personal and real property was conveyed by separate instruments, and it is only that conveying the real property that is affected by the judgment. Of course, the rule is recognized that, when it is sought to be shown by parol that a conveyance absolute in form was intended as a mortgage, the evidence must be clear and satisfactory. But we think the evidence in this case does show, beyond any reasonable doubt, that the conveyance was intended as a mere security. At the time the instrument was executed, Mahaffey was indebted to appellant in the sum of $590. Appellant was also liable as surety for him on two promissory notes, amounting to $822. He was also surety ( with two others ) on his bond as administrator of an estate. Mahaffey was at the time embarrassed financially, and it was thought he had appropriated some portion of the assets of the estate to his own use, but the extent of his defalcation was not known.

These matters constituted the consideration for the conveyance. But it is not shown that appellant surrendered any evidence of the indebtedness due him; nor that he gave to Mahaffey any evidence of its discharge; nor did he make any express promise to pay the debts for which he was bound as surety; nor that he would hold his co-sureties on the administrator's bond harmless. And it is shown that during the negotiation, and before the conveyance was executed, he promised that he would, upon the payment of the several debts, re-convey the property to Mahaffey, and his subsequent conduct shows that he recognized that Mahaffey retained an interest in it. It was also shown that the value of the property was largely in excess of the indebtedness, and any amount appellant would be required to pay as surety. In view of these facts, it is impossible to believe that the conveyance was intended as anything more than a security for the indebtedness and indemnity against the liability which appellant was under.

IV. Appellant pleaded the order of discharge in the garnishment proceedings in bar of the actions. He answered in that proceeding that he had no property in his possession belonging to Mahaffey, and that he was, not indebted to him. Plaintiffs filed a pleading controverting the answer, and raising substantially the same issues with reference to the conveyances that are here presented, and upon a trial of those issues an order of discharge was entered. We need not inquire whether that order is an adjudication of the question with reference to the conveyance of the personal property; for, as we have seen, that conveyance is not affected by the judgment. We are clear, however, that the court could not in that proceeding have determined the questions with reference to the real estate. Questions of title to real property cannot be tried in that manner. 2 Wade, Attachm., sec. 407; Drake, Attachm., sec. 465; *Boyle v. Maroney*, 73 Iowa, 70.

V. Complaint was also made that the court erred

*4. FRAUDULENT conveyance: action assailing: former discharge of grantee on garnishment: res adjudicata.*

in its computation of the amount which appellant was entitled to receive out of the proceeds of the sale of the property. Without setting out the computation, we deem it sufficient to say that it appears to us to be correct. The judgment provides that the case shall remain open until the extent of appellant's liability on the administrator's bond can be determined, and that the amount, when so determined, shall be paid him out of the proceeds of the property. No complaint is made of this provision, which is a just one. And it appears to us that appellant has no just ground of exception to any of the provisions of the judgment, and it will be

AFFIRMED.