GOODWIN V. HILLIARD. .

**Appeal: NOTICE: SERVICE ON ONLY ONE PLAINTIFF.** G. was the original plaintiff, and H. and others were the original defendants in the action, but, by leave of court, H. was permitted to join with G. as one of the plaintiffs. The other original defendants appealed from the judgment in favor of G. and H., and the notice of appeal was entitled, "G., Plaintiff, v. H." and others (naming them) "Defendants"; and was addressed, "To the above-named plaintiff, or to P. & R., H. & C., his attorneys," and service was accepted by "P. & R., H. & C., attorneys for plaintiff." *Held* that, though P. & R. and H. & C. were attorneys in the court below for both G. & H., their acceptance of service was only. for G., to whom the notice was addressed, and that, H. being a necessary party to the appeal, it must be dismissed for want of notice to him.

*Appeal from Clay District Court.*—HON. LOT THOMAS, Judge.

FILED, JANUARY 19, 1889.

*J. E. Steele,* for appellants.

*Parker & Richardson* and *Hughes & Chamberlain,* for appellees.

GRANGER, J.—A statement of the issues is unnecessary, as the case must be dismissed because of a defect in the notice of appeal. The cause was commenced by James Goodwin, plaintiff, against Ira Hilliard and others, as defendants, all of whose names will appear in the notice below. At the appearance term the defendant Ira Hilliard made application to be joined as a party plaintiff with James Goodwin, and the abstract shows the record to be as follows: "And thereupon defendant Ira Hilliard, in open court, asked leave to join with James Goodwin as a party plaintiff herein ; which leave is granted, and said Ira Hilliard is hereby declared a party plaintiff in this cause." The notice of appeal is set out in the abstract, and is as follows :

"*Notice of Appeal.* In the District Court of the State of Iowa in and for Clay County. *James Goodwin,*

Plaintiff, *vs. Ira Hilliard, A. H. Cheney, Mary A. Goodale, Maggie Francis, Trustee for John E. Francis, Jr., Josephine Francis, and Ruth Francis, and John E. Francis, Jr., Ruth Francis, Josephine Francis, and Maggie Francis,* Defendants. To the above-named plaintiff, or to Parker & Richardson, Hughes & Chamberlain, his attorneys, and to A. H. Cheney, clerk of said court: You are hereby notified that the defendants in the above-entitled cause have appealed from the decision, order, and judgment of the said district court, rendered in favor of the plaintiff at the February, 1888, term thereof, on the fifteenth day of February, 1888, to the supreme court of Iowa. And you are hereby further notified that said appeal will come on for hearing and trial in said court at the October, 1888, term thereof, to be held at Des Moines, Iowa, commencing on the first Tuesday in October, 1888.

"J. E. STEELE,

" Attorney for Defendants."

The proof of service of the notice is as follows:

"Due and legal service of the within notice is accepted, and copy waived, at Spencer, Iowa, this 14th day of March, 1888.

"PARKER & RICHARDSON, ·  
"HUGHES & CHAMBERLAIN, } Att'ys for Plaintiff.

" A. H. CHENEY, Clerk of Dist. Court.

" By H. H. A. HASTINGS, Deputy."

Appellees insist that the cause cannot be heard in this court, because the appeal is not perfected ; that no notice of appeal has been served on Ira Hilliard, one of the plaintiffs. The Code provides as follows : " Sec. 3178. An appeal is taken by the service of a notice in writing on the adverse party, his agent, or any attorney who appeared for him in the case in the court below, and also upon the clerk of the court wherein the proceedings were had, stating the appeal from the same, or from some specific part thereof, defining such part." " Sec. 3179. An appeal shall not be perfected until the notice thereof has been served upon both the party and the clerk."

It is not claimed but that each of the plaintiffs must be served with a notice of appeal, and appellants insist that the service upon Parker & Richardson and Hughes & Chamberlain was a service on Hilliard. The record sufficiently discloses that such attorneys appeared for Hilliard in the court below; and it is conceded by the parties in argument that Hilliard was one of the plaintiffs after the order of the court making him such. This leads us to consider the notice, and the acceptance thereon. It will be observed that the case is entitled at the head of the notice, "James Goodwin, Plaintiff," and Ira Hilliard in the title is designated as a defendant, and all defendants are named. The notice is then addressed as follows : "To the above-named plaintiff, or to Parker & Richardson, Hughes & Chamberlain, his attorneys," etc., and then follows the notice. Then we note the acceptance of service, and after the signature of the attorneys are the words, "Attorneys for Plaintiff;" the number being singular. Was this a service on Hilliard's attorneys? We think it must be conceded that to make such a service valid it must be served on the attorney, not in his individual, but in his professional capacity, as attorney for the party sought to be charged by the service. It may be better illustrated by supposing such a service was made by serving the attorney, with no designation but his individual name, and let the acceptance be in like manner. Such a service would certainly be attended with serious doubts ; and then, if we add that the notice nowhere designates the client sought to be charged as a party against whom the appeal is sought, we think all doubt is removed. This notice is addressed to a single plaintiff (Goodwin), or to his attorneys. The acceptance is for one plaintiff only, and that one is unmistakably Goodwin. The argument by appellants is that these attorneys were all through the trial, after the change as to parties, attorneys for Hilliard, and that no other attorneys appeared. But we do not see how this changes the result. In such a case it would be competent to serve

Goodwin through the attorneys in any matter in which such a service would be good; that is, the service could be made on the attorney for one of his clients without affecting the other, and this seems to us to be such a case.

It is unquestioned that Hilliard is a necessary party to a trial in this court. Courts take much greater satis-faction in the disposition of causes on the merits, but when such questions are presented we must consider them, and declare the law.

If it is of any interest to the parties, we will add that we have examined the record, and think there is such a conflict of testimony that in a law action we could not interfere with the finding below.

AFFIRMED.