DAY *et al.* v. THE HAWKEYE INSURANCE COMPANY.

**Appeal:** NO NOTICE TO INTERESTED CO-PARTY: DISMISSAL. In an action by the insured upon a policy of fire insurance, a mortgagee to whom the loss, if any, was payable as her interest might appear, failing to join as plaintiff, was brought in as a defendant, under Code, sections 2548, 2551. From a judgment against the defendant company it appeals to this court, but fails to serve notice of the appeal on its co-defendant, the mortgagee, as required by section 3174 of the Code, and she does not join in the appeal. *Held* that the appeal must be dismissed. (See *Hunt v. Hawley,* 70 Iowa, 183; *Moore v. Held,* 73 Iowa, 538.)

*Appeal from Mahaska District Court.*—HON. J. K. JOHNSON, Judge.

FILED, May 13, 1889.

ACTION upon a policy of insurance. There was a judgment on a verdict for plaintiff. Defendant appeals. The facts of the case appear in the opinion. The cause has before been in this court. See 72 Iowa, 597.

*George R. Sanderson* and *Phillips & Day,* for appellant.

*J. F. Lacey* and *McFall & Jones,* for appellees.

BECK, J.—I. The policy in suit contains a condition in this language: "Loss, if any, payable to Dr. J. Bevan, mortgagee, as his interest may appear at the time of loss, subject, however, to all conditions of this policy." By amendments to the pleadings it is shown that Mrs. J. Bevan, the wife of Dr. Bevan, was the real mortgagee, and her name should have appeared in the policy instead of the name of Dr. J. Bevan, which was written by mistake. It is also shown in the pleadings that the given name of Mrs. J. Bevan is Lizzie, and she is made a defendant in the action, having failed to join as a plaintiff. An amended abstract filed in the case by the plaintiff, which is not denied by defendant, and must therefore be taken as true, shows that Mrs. J. Bevan, or Lizzie Bevan, did not join in the appeal, and no notice of appeal was served upon her in the case, and that she is, therefore, not a party to the appeal.

II. The plaintiffs have filed a motion to dismiss the appeal, on the ground that Lizzie Bevan is not a party to the appeal, which was submitted with the case. There can be no doubt that Lizzie Bevan is a party to the suit. She is the real party in interest in the claim to recover upon the policy, or one of the real parties. If she does not join as plaintiff, she may be made a defendant. Code, secs. 2548, 2551. She was made a party defendant in the case, but does not join with her co-defendant in the appeal, nor is notice of appeal served on her by her co-defendant, the appellant, as required by Code, section 3174. Now, it is obvious that Lizzie Bevan is not a party to this appeal, as well as that she is a real party in interest in the case, inasmuch as she claims the proceeds of the policy to the extent of her mortgage. In this case it is obvious that the judgment cannot be modified or reversed, or any order made affecting the claim upon the policy, without prejudice to Lizzie Bevan. Indeed, the pendency of the appeal has that effect. There are no questions in this case affecting the right of plaintiff to recover that do not affect Lizzie

Bevan's right. There are no questions which are between plaintiff and defendant that do not affect her. In the absence of notice of appeal required by the statute to be given to Lizzie Bevan, we cannot entertain the appeal. See Code, sec. 3174; *Hunt v. Hawley*, 70 Iowa, 183, *Moore v. Held*, 73 Iowa, 538. The motion to dismiss the appeal is sustained. DISMISSED