A. C. PAYNE, Appellant, v. JOSEF RAUBINEK *et al.*, Appellees.

1. **Appeal: PARTIES: NOTICE.** In an action by the holder of a promissory note against the maker and payee, the maker answered that the note was without consideration, that it was executed as a part of a gambling contract, and that it had been altered since delivery to the payee without his consent, and that the plaintiff took the note with knowledge of these facts. Judgment was rendered upon proof of these facts in favor of the maker of the note, and in favor of the plaintiff against the payee. *Held*, that upon an appeal by the plaintiff from the judgment in favor of the maker of the note that the payee was not a necessary party.

2. **Practice in Supreme Court:** RECORD : INSTRUCTIONS: BILL OF EXCEPTIONS. Where certain instructions asked by a party to a cause, and refused, were returned with other papers in the case to the clerk of the district court immediately after the trial, and left with him, but through inadvertence were not marked filed, nor noted upon the appearance docket, until about eight months after an appeal had been perfected, and were not referred to in the bill of exceptions, nor made a part thereof, *held*, on motion of the appellee, that such instructions set out in appellant's abstract should be stricken from the record.

3. **Negotiable Paper:** "BOHEMIAN OATS" CONTRACT: PURCHASER WITH NOTICE : VALIDITY. What are familiarly known as "Bohemian oats" contracts are void as being against public policy, and a promissory note given in pursuance of such a contract is void in the hands of a purchaser thereof with notice of the character of the transaction.

*Appeal from Ringgold District Court.*—HON. J. W. HARVEY, Judge.

SATURDAY, MAY 23, 1891.

ACTION upon two promissory notes executed by the defendant Raubinek to Milton Lorimer or bearer, which were transferred and payment guaranteed by Lorimer to the plaintiff, for value, before due. Raubinek answered for himself, admitting the execution of the notes, and alleging that they were obtained from him by fraud ; that they are without consideration ; were executed as part of a gambling contract ; that they had been altered in material parts since he executed and delivered them, without his consent; and that the plaintiff took the notes with knowledge of all these facts. There is nothing to show that Lorimer answered, except in the fifth paragraph of the court's instructions, wherein the jury were directed to find against Lorimer, unless they found that the notes had been altered as alleged after he transferred them to the plaintiff. The case was submitted to the jury, and a verdict returned in favor of the plaintiff against Milton Lorimer, and in favor of the defendant, Josef Raubinek. The plaintiff moved to set aside the verdict, and grant a new trial, on the grounds that it was not sustained

by the evidence, was contrary to law, and that the court erred in giving the fourth and fifth paragraphs, of its instructions, and in refusing to give the instructions asked by the plaintiff. This motion was overruled, and judgment entered upon the verdict, from which the plaintiff appealed, serving notice thereof upon defendant Raubinek alone. The errors assigned are the giving of the fourth and fifth instructions, the refusal to give those asked, and the overruling of the motion for a new trial, and rendering judgment for the defendant Raubinek.—*Affirmed.*

*Mount & Willis* and *Kauffman & Guernsey*, for appellant.

*Laughlin & Campbell* and *R. H. Spence*, for appellees.

GIVEN, J.—I. The appellee moves to dismiss this appeal for the reason that the defendant Lorimer is not made a party to it. The appellant and Lorimer are not copartners; therefore, section 3174 of the Code does not apply. They were adverse parties, and, hence, the appeal is under sections 3178 and 3179. It will be noticed that the defenses were not pleaded in common by defendants, and that none of the defenses set up were available to Lorimer as guarantor, except the charge of alteration. This defense was not common to both of the defendants, for the reason that it might prevail as to one and not as to the other. Alterations such as those alleged, made any time after Raubinek executed and delivered the notes, would be a good defense as to him, but only available to Lorimer if made after he delivered the notes to the plaintiff. The appellant has all that he asks as to Lorimer, and, therefore, has nothing to appeal from as to him. The judgment as to Raubinek can be modified, affirmed or reversed without injuriously affecting the interests of Lorimer, and is, therefore, within the rule announced in *Moore v. Held*, 73

1. APPEAL: parties: notice.

Iowa, 538. The questions presented on this appeal are questions in which the defendant Lorimer, who did not appeal, has no concern. A determination either way of the issues between the plaintiff and the defendant Raubinek cannot affect the liability of Lorimer. Such was not the case in *Hunt v. Hawley*, 70 Iowa, 183 ; *Day v. Ins. Co.*, 77 Iowa, 343, or *Goodwin v. Hilliard*, 76 Iowa, 555, cited by counsel. In those cases the party omitted in the appeal was directly interested in the questions presented, and the judgments could not be reversed, modified or affirmed without affecting their interests. The motion to dismiss is overruled.

II. Appellant's abstract sets out instructions asked and refused, and his exceptions to the refusal and instructions given, and his exceptions to the fourth and fifth paragraph thereof. The appellee moved to strike those instructions, for the reason that the record shows that they were not filed in the office of the clerk, and are not in any manner referred to in the bill of exceptions, or made a part thereof. The appellant's abstract sets them out as the instructions given and refused. The appellee denies the correctness of this abstract in an amended abstract, and sets out the bill of exceptions at length, which says, " Said jury were instructed by the court," but contains no instructions, or any other reference to instructions. The appellant states, in what he terms an "additional abstract," that the instructions given and refused were returned with the files to the clerk immediately after the trial, and remained in his possession with the other files in the case ; but that through inadvertence he neglected to mark them filed, and to note them upon the appearance docket, until the eighth day of May, 1890. There is no record before us to show such to be the fact ; and, though entitled as an "additional abstract," we can only receive it as the statement of counsel. If this statement may be considered as a part of the record, we then have a case wherein what is presented to us as instructions asked and refused, and instructions given,

*Margin note: 2. PRACTICE in supreme court: record: instructions: bill of exceptions.*

are not identified by being filed in the office of the clerk of the district court until some nine months after the trial, and eight months after the appeal was perfected, and are not identified in any manner in the bill of exceptions. The appellant contends that the appellee does not deny that the instructions set out are, in fact, the instructions given, and asked and refused, at the trial. It is questionable whether the appellee's abstract will bear such construction. He does concede that exceptions were taken to the giving and refusing of the instructions which were given and refused, and we think must be understood as denying that those set out are the identical instructions. There should be no uncertainty as to the identity of instructions presented for review, and the modes pointed out in the law for their identification should alone be relied upon. We think the appellee's motion to strike from the record the instructions set out as given, and as asked and refused, must be sustained.

III. These notes were given upon what is familiarly known as a "Bohemian oats contract," and the transaction as to the giving of the notes is identical with that in *Hanks v. Brown*, 79 Iowa, 560, and *Merrill v. Packer*, 80 Iowa, 542, wherein the transactions and notes were held to be against public policy and void. Following those cases, we hold that these notes are void, except in the hands of an innocent purchaser for value before due, without notice.

2. NEGOTIABLE paper: "Bohemian oats" contract: purchaser with notice: validity.

Having no instructions before us, it only remains to inquire whether the court erred in overruling the motion in arrest of judgment against the appellee, and for a new trial, on the grounds that "the verdict is not sustained by the evidence." If the evidence shows that the plaintiff had notice of the fraudulent and void character of the notes at the time he purchased them, then the verdict is correct. There is testimony tending to establish each of these defenses,—not it is true, without conflict, nor so as to be entirely convincing; yet that there is testimony so tending is shown by the

discussion. We do not usually discuss the evidence at length in passing upon such questions as these, nor is it necessary that we should do so in this case. We think, after a careful reading of the record, that there is testimony tending to establish each of these defenses, and of such weight that under the familiar rule we should not interfere with the verdict on the grounds that it is not sustained by the evidence.

Our examination of the record and of the evidence leads us to the conclusion that the judgment of the district court should be AFFIRMED.