PATRICK B. WOLFE, Trustee, Appellee, v. E. S.
     JAFFRAY & COMPANY *et al.*, Appellants.

1. **Appeal**: BY PART OF DEFENDANTS ONLY: JURISDICTION. In an
   action to foreclose a trust deed as against the grantors and junior
   lienholders, the latter may appeal from a decree of foreclosure against
   them without the grantors joining therein, and without notice of the
   appeal being served upon them, since the question raised by such
   appeal may be decided without injuriously affecting the grantors'
   rights.

2. **Trusts**: MORTGAGE BY TRUSTEE TO SECURE FUND: VALIDITY AS
   AGAINST CREDITORS. Where one of two trustees, with the consent of
   the other, used a portion of the trust fund in his business, with the
   understanding that he should give security for the amount so used, and
   afterwards the other trustee died, and the one using the fund executed
   a trust deed to the plaintiff for the purpose of securing the benefi-
   ciaries of the trust, and this was done with the consent of at least
   some of the beneficiaries, *held*, that such deed created a lien supe-
   rior to an attachment levied a few days after the recording of the
   deed, though the attachment debt antedated the deed, and the grantor
   was insolvent when the deed was made; and that the fact that the
   grantor was left in, the enjoyment of the land during the life of
   another, at the end of which time the trust fund would have to be
   paid, did not make the deed fraudulent as against the attaching
   creditors.

3. ———: ———: WHEN ACTION TO FORECLOSE ACCRUES. Where a
   trustee used in his business a portion of the trust fund, and gave his
   note to a cotrustee therefor, and, after the death of the latter, gave a
   trust deed to the plaintiff to secure the note, and afterwards became
   insolvent, and said note was not paid at maturity, *held*, that an
   action by the holder of the trust deed to foreclose the same could
   not be objected to by the creditors of the grantor as premature, on
   the ground that the time had not arrived for the payment of the
   trust fund to the beneficiaries.

*Appeal from Crawford District Court.*—HON. GEORGE
     W. PAINE, Judge.

SATURDAY, MAY 20, 1893.

THE plaintiff, as trustee, prosecutes this action in
equity to recover judgment against Fanton R. Lawlor,

on his promissory note, and for a decree foreclosing a trust deed on certain land in Crawford county, executed by F. R. Lawlor to the plaintiff, as trustee, to secure the payment of said note. Default for want of answer, and decree of foreclosure were entered against the defendants Fanton R. Lawlor and Lillie C. Lawlor, and judgment on the default against Fanton R. Lawlor. The defendants E. S. Jaffray & Co. and E. S. Jaffray, being made defendants, as claiming some interest in the land, answered, denying, for reasons stated, the plaintiff's right to maintain this action, the validity of the trust deed, and setting up an alleged superior title to the land. The case was tried to the court, and decree entered in favor of the plaintiff, from which the defendants E. S. Jaffray & Co. and E. S. Jaffray appeal.—*Affirmed.*

*T. J. Garrison* and *Weigley, Bulkley & Gray*, for appellants.

*Shaw & Kuehnle* and *P. B. Wolfe*, for appellee.

GIVEN, J.—I. The plaintiff moves to dismiss this appeal upon several grounds, one of which is, that the defendants F. R. Lawlor and Lillie C. Lawlor do not join in the appeal, and were not served with notice thereof. In *Moore v. Held*, 73 Iowa, 540, it is held that, when the appeal is taken by a part of several coparties, service of notice on the other coparties is not jurisdictional; that when notice is served on the adverse party and clerk, and the clerk is secured his fees, this court has jurisdiction upon such questions in the case as affect only the rights of the parties before it, but, if the judgment appealed from can not be modified or reversed without injuriously affecting the interests of the absent coparties, the appeal can not be considered. See, also, *Payne v. Raubinek*, 82 Iowa, 588. The control-

*1. APPEAL: by part of defendants only: jurisdiction.*

ling question presented on this appeal is whether the trust deed sought to be foreclosed is valid as against the appellants, as creditors of F. R. Lawlor. This question is made between the parties before us, and may be decided, as between them, without injuriously affecting the interests of F. R. Lawlor or Lillie C. Lawlor. The other grounds of the motion have been fully answered by an amended abstract. The motion is overruled.

II. There is no material controversy as to the facts in this case, and those necessary to be mentioned

**2. TRUSTS: mortgage by trustee to secure fund: validity as against creditors.** are, in substance, as follows: On February 17, 1881, Patrick Lawlor and Margaret, his wife, conveyed to Fanton R. Lawlor, their son, and John J. McGarry, their son-in-law, a large amount of real and personal property, in trust for the following purposes: Said trustees were to pay all debts owing by said Patrick Lawlor; to pay him and his wife, annually, six hundred dollars, so long as they both should live, and to the survivor of them, three hundred dollars during life; and, upon the death of both, to divide what remained equally between the heirs of Patrick Lawlor. The trustees accepted the trust, Mr. McGarry taking the management. He sold the property, paid the debts and annuities, and loaned, collected and managed the trust fund in his own name, as trustee, under the advice and assistance of the plaintiff, Patrick B. Wolfe, as attorney for the trustees. Fanton R. Lawlor took but little, if any, part in executing the trust, beyond joining in conveyances of the real estate. Patrick Lawlor died in October, 1889, leaving his wife and a number of children, including said Fanton R. Lawlor and Mrs. McGarry surviving him, all of whom are now living.

Some time prior to the execution of the note in suit, Fanton R. Lawlor desired to borrow a part of

said trust fund to use in his business, but said fund being then loaned, Mr. McGarry indorsed for him in bank; and when the trust securities were converted into money, the money was applied upon the note in bank to the amount of five thousand, one hundred and thirty-four dollars, F. R. Lawlor agreeing to give security therefor. Some time after, Fanton R. Lawlor, at the instance of Mr. McGarry, executed the note in suit for five thousand, one hundred and thirty-four dollars, payable to "the order of John J. McGarry, as trustee," two years after date, with eight per cent. interest, and delivered the same to the plaintiff, Wolfe, as attorney for the trustees, with the consent and approval of Mr. McGarry. The note was dated April 28, 1888, to correspond with the time the trust money was paid to the bank. Mr. McGarry died in December, 1889, and on the sixth day of January, 1890, at the instance of the plaintiff, Fanton R. Lawlor and his wife, Lillie C., executed and delivered to him, as trustee, the deed sought to be foreclosed upon lands in Crawford county, Iowa, to secure the payment of said note, which deed was duly recorded January 9, 1890. Said deed was subject to a prior mortgage to A. J. Clark for four thousand dollars.

On the same day (January 6, 1890), F. R. Lawlor assigned to the plaintiff, as trustee, an existing lease of said land; the rents to be applied in payment of taxes, and interest on said mortgage and trust deed indebtedness. F. R. Lawlor was at that time insolvent. So far as appears, no default had been made in the payment of annuities, or in otherwise executing the trust, unless it be in loaning this money to F. R. Lawlor.

January 17, 1890, E. S. Jaffray & Co. commenced an action, aided by attachment, in the district court of Crawford county, Iowa, against Fanton R. Lawlor, to recover two thousand, eighty-one dollars and twenty-five cents on account. The attachment was levied

upon the land described in said trust deed, and thereafter, March 20, 1890, judgment was entered against Fanton R. Lawlor, and an order for special execution to sell the attached property. The land was sold under the special execution to E. S. Jaffray, and, no redemption being made, a sheriff's deed was duly executed to him, May 14, 1891.

Upon these facts the plaintiff asks judgment against F. R. Lawlor, and a decree foreclosing said trust deed, and establishing it as a lien prior to any lien of the appellants. The appellants ask that the plaintiff's petition be dismissed; that it be adjudged that this interest, if any, is junior to the defendants'; and that he be required to turn over to E. S. Jaffray the rent notes.

As already said, the controlling question is whether said trust deed is valid as against the personal creditors of F. R. Lawlor. That the money in the hands of F. R. Lawlor is of the trust fund, and that he is liable therefor at the proper time, and to the proper person, there is not, and can not be, any question. It is trust funds in his hands as trustee, and he is liable for it as trustee, whether he received it as borrower or otherwise. Holding him liable as trustee, we do not now determine whether or not he is liable as borrower, but proceed to inquire whether, being liable as trustee, he might legally give the security that he did, as against his personal creditors. The appellants contend that the deed is a security to himself for a debt which he owes to himself, and that by it advantages are reserved to him in fraud of his creditors.

While it is true that, as between a trustee and third persons, the trust estate may be said to belong to the trustee, as between him and the *cestui que trust*, his ownership is only for the purposes of the trust. He is at all times liable to the *cestui que trust*, and the liability may mature at any time upon an order of court

in a proper case, or upon the termination of the trust. F. R. Lawlor was clearly liable to account to those beneficiaries at some time in the future, and the question is, might he legally pledge his property to secure the beneficiaries? It would not be questioned but that he might legally have given this security to E. S. Jaffray & Co., to the prejudice of his other creditors, because he was liable to Jaffray & Co. There is certainly no good reason why he might not give security for a liability for trust funds as readily as for merchandise purchased. The trust deed is not to secure a debt due to him as trustee, but a debt from him to the beneficiaries. The security is to them, and, as has been repeatedly said, "a court of chancery will prefer to see a trust protected, and funds saved to those for whom it is guardian, rather than divert the debtor's property to the payment of the general debts of the trustees."

The evidence shows that this trust deed was executed, not only in pursuance of F. R. Lawlor's agreement with Mr. McGarry, but on the demand of Mrs. Margaret Lawlor, who was prepared to proceed by an action in court to secure her annuity, if the security had been refused. The deed was taken with the consent of at least two of the heirs. Surely, Mrs. Lawlor and these heirs had a right to demand and receive this security from the insolvent trustee who had converted the trust fund to his own use.

Authorities are cited to the effect that an alienation by a debtor, containing a provision for the debtor which impairs the rights of his creditors, is fraudulent as to such creditors. It is argued that F. R. Lawlor is left to enjoy this land during the life of Mrs. Margaret Lawlor, to the prejudice of his general creditors, and therefore the deed is fraudulent and void as to them. Had this security been given in good faith to a general creditor, to secure a *bona fide* debt to become due, the fact that Mr. Lawlor might enjoy the benefits of the land until the debt became due would not vitiate the

security, and such is this case. There is no evidence of fraudulent intent or purpose. The deed was given and received in good faith, to secure a *bona fide* liability.

Our conclusion is that this trust deed is valid as against the general creditors of F. R. Lawlor.

III. The appellants question the right of the appellee to maintain this action. It is said there has been

8. ——:——:when action to fore- close accrues.

no default in the execution of the trust; the annuities have been paid, and nothing is due to the heirs so long as Mrs. Margaret Lawlor lives. The plaintiff sues in equity as trustee, not for F. R. Lawlor, trustee, but for the beneficiaries for whom he stands. He asks to recover this money, not only because the note is overdue, but because the trustee has converted the money to his own use, and is insolvent. The right of the beneficiaries to ask protection, under these facts, and of a court of equity to grant it, is certainly very plain. That the appellee has not asked all the relief that he might or should, as against F. R. Lawlor, is no reason why, upon proper showing, he should not have that which he does ask. It is not for us to determine what shall be done with this money, when paid to the plaintiff, as trustee under the deed. That is a matter to be determined by the proper court on proper application. Our conclusion is that the judgment and decree of the district court should be AFFIRMED.