MURRAY FISHER, a Minor, by His Guardian, WILLIAM BRADLEY, v. H. L. CHAFFEE, *et al.,* Defendants, ROBERT FULLERTON, Appellant.

**Appeal of One Defendant.** Where, after judgment against a principal and two sureties on a bond, one of the sureties alone appeals, without serving notice of appeal on his cosureties, the appeal will be dismissed. See *Ash v. Ash,* 90 Iowa, 229.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

THURSDAY, OCTOBER 17, 1895.

Action on a guardian's bond. From a judgment against all defendants, the defendant Fullerton alone appeals.—*Dismissed.*

*Berryhill & Henry* for appellant.

*W. G. Harvison* for appellee.

Kinne, J.—I. Appellee files a motion to dismiss the appeal because no notice was served by appellant Fullerton upon either of his codefendants. As we have reached the conclusion that this motion must be sustained, we shall only set out the facts upon which said motion is based. The petition alleged the appointment of the defendant Chaffee as guardian of Murray Fisher, a minor; the execution of the usual bond signed by the defendants Fullerton and Vertrees as sureties; the receipt by Chaffee of two thousand and forty-seven dollars belonging to said minor, on May 15, 1886; and

avers that he has neglected to account therefor; that
he has failed to comply with certain orders of the
court; that he was removed, and the present guardian
appointed. Defendants Fullerton and Vertrees, only,
answer. They plead that in February, 1887, Chaffee,
as such guardian, filed his report, which was duly
approved by the judge of the court; that said report
showed the receipt of two thousand dollars of plaint-
iff's money; and that the same was loaned to Chaffee &
Stark, upon the personal note of said firm, without other
security; that said money had never been collected by
Chaffee as guardian, and was a valid claim against said
firm. Other facts appear in the record, but, for the
purposes of the question presented by this motion, we
need only state that, after a trial had, a judgment was
entered against all of the defendants, from which Ful-
lerton alone appeals. No notice of the appeal was
served by Fullerton upon either of his codefendants.

II. Code, section 3174, provides: "A part of sev-
eral co-parties may appeal; but in such a case they
must serve notice of the appeal upon all the other
co-parties, and file the proof thereof with the clerk of
the supreme court." It has been held that a failure
to serve the notice above provided for is not jurisdic-
tional, but the court can consider such questions in
the case as affect only the rights and interests of the
appellant and the adverse party. *Wright v. Mahaffey*,
76 Iowa, 96 (40 N. W. Rep. 112); *Moore v. Held*, 73 Iowa,
540 (35 N. W. Rep. 623); *Kellogg v. Colby*, 83 Iowa, 513
(49 N. W. Rep. 1001); *Soukup v. Investment Co.*, 84 Iowa,
448 (51 N. W. Rep. 167); *Day v. Insurance Co.*, 77 Iowa,
343 (42 N. W. Rep. 312); *Payne v. Raubinek*, 82 Iowa,
587 (48 N. W. Rep. 995); *Wolfe v. Jaffray*, 88 Iowa, 358
(55 N. W. Rep. 91); *Ash v. Ash*, 90 Iowa, 229 (57 N. W.
Rep. 862); *Chase v. Christenson*, 92 Iowa, 405 (60 N. W.
Rep. 640). The same doctrine is found in many other
cases. The test is, can this court vacate, modify, or

reverse the judgment in this case without in any way prejudicing or affecting the rights of the other defendants? Chaffee is, of course, primarily liable in any event, and will not be affected by any reversal or modification of the judgment in this court. Vertrees is a cosurety with Fullerton on the bond. Vertrees does not appeal. Fullerton does, but serves no notice on Vertrees. Now, if Vertrees should pay the judgment in full, he would have a right of action against Fullerton, his cosurety, for contribution. But suppose this court should reverse the judgment as to Fullerton, should hold him not liable in the action; would such a reversal be without prejudice to the rights of Vertrees? If Vertrees paid the judgment, could he still have recourse against Fullerton for one-half thereof? It seems to us that any modification or reversal we may make of this judgment may affect the rights of Vertrees, and work a prejudice thereto. We ought not, therefore, to consider this appeal, in the absence of service of notice upon Vertrees. The motion is sustained, and the appeal *dismissed.*