STATE SAVINGS BANK, MISSOURI VALLEY, Appellee, v.
GUARANTY ABSTRACT COMPANY, Appellee; W. J.
BURKE, Garnishee, et al., Appellants.

**APPEAL AND ERROR:** Parties—Garnishment Proceedings—When
Judgment Defendant Necessary Party to Appeal. A judgment
defendant is a necessary party to an appeal by a garnishee if
a reversal would prejudicially affect such judgment defendant.
(Sections 3951-3953, inc., 4111, Code, 1897; Sections 3947, 3948,
Code Supp., 1913.)

*Appeal from Harrison District Court.*—E. B. WOODRUFF,
Judge.

MARCH 19, 1915.

SUPPLEMENTAL OPINION, AND REHEARING DENIED DECEM-
BER 14, 1917.

ACTION by way of garnishment. Burke, garnishee, ap-
peals from a judgment rendered against him in favor of the
plaintiff. No notice of appeal was served on the judgment
defendant. Appeal, on motion of the plaintiff, dismissed.

*C. W. Kellogg,* for appellant.

*J. S. Dewell,* for appellee.

GAYNOR, C. J.—On the 21st day of March, 1912, the
plaintiff herein, appellee, obtained judgment against the
principal defendant, the Guaranty Abstract Company, of
Missouri Valley, Iowa, for $2,768.88. On the 18th day of
July, 1912, the appellant herein, W. J. Burke, was garn-
ished under execution issued upon said judgment, and on
the 6th day of November, 1912, appeared and made answer in
said garnishment proceeding. The defendant the Guaranty
Abstract Company appeared by its president, and waived

notice of garnishment proceedings on the principal defendant. On the 8th day of January, 1913, the plaintiff filed a pleading controverting the answers of the garnishee, claiming that said garnishee was indebted to the defendant the Guaranty Abstract Company in the sum of $500. Issue was joined upon this pleading between the plaintiff and the garnishee, W. J. Burke. No pleading was filed by the Guaranty Abstract Company in this proceeding. Upon the issue joined, a trial was had to a jury, and a verdict and judgment rendered against the garnishee and in favor of the plaintiff, for the sum of $429.25. From this judgment, the garnishee, W. J. Burke, alone appeals.

It appears that the notice of appeal to this court was served upon the attorneys for the plaintiff, and upon A. W. Blackburn, clerk of the district court. As to them, the service of notice was complete, but no notice of appeal was served upon the principal defendant, the Guaranty Abstract Company. The plaintiff filed a motion in this court to dismiss the appeal, on the following grounds:

"The abstract herein shows that, on March 21, 1912, the plaintiff, State Savings Bank, appellee herein, obtained a judgment against the principal defendant, Guaranty Abstract Company, for the sum of $2,768.88, and that such judgment, or at least more than the amount claimed against the garnishee, herein, was due and unpaid at the time the notice of garnishment herein was served, and at the time of this trial. That the appellant herein has not perfected his appeal to this court in the manner required by law, for the reason that no notice of appeal was ever served upon the principal defendant, Guaranty Abstract Company, the only notice of appeal served herein being a notice directed to State Savings Bank, of Missouri Valley, Iowa, and to A. W. Blackburn, clerk of said district court, and that no notice of appeal directed to the Guaranty Abstract Company was ever served or filed herein. That the only

service of notice of appeal on file herein is the acceptance of service of said notice by J. S. Dewell, Ross McLaughlin, and S. H. Cochran, attorneys for plaintiff, and by A. W. Blackburn, clerk of said district court. That, as appears from the record herein, the Guaranty Abstract Company, the principal defendant, is directly interested in the event of this suit, for the reason this action in garnishment is based on the claim that the garnishee was indebted to the principal defendant, the Guaranty Abstract Company, and said claim having been established herein, and if judgment herein is paid, would, to that extent, inure to, the benefit of the principal defendant, and a reversal of this judgment would, therefore, be prejudicial to the interests of said Guaranty Abstract Company. In addition to the foregoing, it fully appears that the principal defendant, the Guaranty Abstract Company, is party to this present proceeding, said principal defendant having entered its appearance in this garnishment proceeding before judgment was rendered herein."

This motion involves a question of procedure. We hesitate to sustain a·motion of this kind, which has the effect of depriving the garnishee of a hearing upon the merits of his case; nor would, unless, by well-established principle and precedent, we are forced to do so. The motion goes to the right of this court to hear and determine the questions raised upon the appeal upon their merits. If the contention of the plaintiff is well-founded, we have no choice or discretion in the matter, but must refuse a hearing upon the merits. Section 4111 of the Code of 1897 provides as follows:

"A part of several co-parties may appeal; but in such case they must serve notice of the appeal upon those not joining therein, and file proof thereof with the clerk of the Supreme Court."

These questions meet us, therefore, at the threshold of

this inquiry: (1) Was the defendant the Guaranty Abstract Company a co-party to this proceeding? (2) Would a reversal of this case be prejudicial to it?

If both of these questions are answered affirmatively, this court is without jurisdiction, and therefore without right to .hear or determine the main question urged by appellant. It is apparent that, if it prejudicially affects the principal defendant, and it has no notice of this proceeding, this court has no right to make any pronouncement prejudicial. to its interests.

Section 3947, Code Supplement, 1913, provides:

"Judgment against the garnishee shall not be entered until the principal defendant shall have had ten days' notice of the garnishment proceedings, to be served in the same manner as original notices."

It is apparent that, after such notice, the principal defendant is in court for all purposes connected with the garnishment proceedings, and is bound to take notice of all further actions of the court touching the subject matter of the garnishment.

Section 3951 of the Code provides:

"The judgment in the garnishment action, condemning the property or debt in the hands of the garnishee to the satisfaction of the plaintiff's demands, is conclusive between the garnishee and defendant."

In *Smith. v. Dickson*, 58 Iowa 444, it was held, in substance, that the court might proceed against the garnishee who had been served properly with notice of garnishment, without having jurisdiction of such debtor, and it was said he was not a necessary party; but this was before the statute was enacted requiring notice to the defendant of the garnishment proceedings, and the decision is based upon the stated fact that there was no provision of the statute then requiring the. notice on the principal defendant.

Section 3948 of the Code provides that the defendant in the main action may, by proper pleading filed in the garnishment proceedings, interpose certain claims or defenses against the plaintiff.

Section 3953 of the Code provides:

"An appeal lies in all garnishment cases at the instance of the plaintiff, the defendant, the garnishee, or an intervener claiming the money or property."

In *Sinard v. Gleason*, 19 Iowa 165, this court said:

"As to the right of the principal debtor to appeal from the judgment against the garnishee, we have but little doubt, the latter being a part and auxiliary to the main action."

The statute at the time the above case was decided was the same as it is now. See Revision of 1860, Section 3214.

Section 3952 of the Code provides that, when a judgment is rendered against the garnishee, the same shall distinctly refer to the original judgment.

Thus it is apparent that the principal defendant is bound by the judgment against the garnishee, condemning its property in the hands of the garnishee to the payment of its debt. This judgment is conclusive on it, unless it appeals. It is also conclusive on the garnishee, unless the garnishee appeals. Each has a right to appeal from the judgment, if adverse to his interests. Before judgment could be entered against the garnishee, notice must be served on the garnishee, as provided in Section 3935 of the Code. This notice forbids him to pay any debt owing the defendant, due or to become due, and requires him to retain possession of all the property of the defendant in his hands or under his control, to the end that the same may be dealt with according to law. Notice must be served upon the principal defendant of this fact of garnishment, and that its property is so held. The judgment entered in that proceeding, condemning the prop-

erty of the principal defendant in the hands of the garnishee, is conclusive between the garnishee and the defendant, and either party feeling himself aggrieved by such judgment may appeal. If judgment is entered against the garnishee, the effect of the judgment is to condemn the property of the defendant in the hands of the garnishee, to the payment of the judgment held by the plaintiff against the defendant. The judgment rendered against the garnishee, when collected, discharges the debt from the defendant to the plaintiff *pro tanto*. To the extent of the judgment when satisfied, defendant is relieved of his obligation to the plaintiff. A reversal of the judgment, or a finding that the garnishee, as claimed in this case, was not indebted to the defendant, is to leave the defendant still charged with the full amount of the judgment against it. A reversal, therefore, would be prejudicial to its interests.

We must answer both questions in the affirmative. Defendant was a party to this garnishment proceeding, in that it was bound by the judgment against the garnishee equally with the garnishee, and had a right to appeal if it felt itself aggrieved; and there is apparently nothing left for us to do but to sustain the motion and dismiss this appeal. As supporting this contention, see *Hunt v. Hawley*, 70 Iowa 183; *Goodwin v. Hilliard*, 76 Iowa 555; *Day v. Hawkeye Ins. Co.*, 77 Iowa 343; *Tukey v. Foster*, 158 Iowa 311; *Dillavou v. Dillavou*, 130 Iowa 405; *Smith Lbr. Co. v. Scott County Garbage Co.*, 149 Iowa 272; *Schaller & Son v. Marker*, 136 Iowa 575.

The appellant relied upon the case of *Payne v. Raubinek*, 82 Iowa 587. That case does nothing more than hold that, in case of co-parties, no notice is necessary where the defenses are distinct and separate, and a judgment against one does not affect in any way the interests of the other. In that case, it is said that the judgment as to appellant can be modified, affirmed, or reversed, without injuriously

affecting the interest of the. other co-party. It was held that the party who did not appeal, and on whom notice was not served, had no concern with the questions presented. A determination either way on the issues between the plaintiff and defendant cannot affect the liability of the co-party on whom no notice of the appeal was served. This is not the fact in the case at bar, and the *Payne* case is not controlling.

*Motion to dismiss appeal sustained.*

DEEMER, LADD, and SALINGER, JJ., concur.

### SUPPLEMENTAL OPINION.

GAYNOR, C. J.—A petition for rehearing having been filed in this. case, we have deemed it advisable to file a supplemental opinion, in view of the fact that, since the handing down of the opinion in this case, this court has passed upon what is claimed to be the identical question involved here, and in passing, reached a different conclusion from that reached in this case. See *Ober v. Seegmiller,* 180 Iowa 462.

In this *Ober* case, it appears that the plaintiff, on the 7th day of February, 1899, obtained judgment against one Jacob Seegmiller for $124, with 8 per cent interest thereon from that date. On the 12th day of April, 1915, execution was issued on this judgment, and the sons of Jacob Seegmiller were garnished. It appears from the record in that case that the wife of Jacob had died, prior to the issuing of the execution, leaving a will, in which she bequeathed certain property to her three sons, the garnishees in the case, and in the will provided that the gift to them was subject to and depended upon the performance by them of certain conditions, to wit, the payment to her husband, Jacob Seegmiller, defendant in the case, each year during the period of his natural lifetime, so much of the sum of one third of $1,000 as he might demand. It appeared that

Jacob Seegmiller, the defendant, had never demanded anything of these sons under the provisions of this will. The sons, however, were garnished, and they were cited to appear, and an effort was made to hold them as debtors of the original defendant under this provision of the will. A hearing was had, in which it appeared that the father, Jacob Seegmiller, had never demanded any sum of money from these defendants under this will. The court, however, entered judgment against the garnishees for the amount of the original judgment against Jacob Seegmiller, to wit, $124, with interest. The garnishees claimed that they did not owe their father anything under the will, for the reason that he had never demanded anything, and that the indebtedness was contingent upon the demand. They appealed to this court. They served no notice of the appeal upon the judgment defendant, Jacob Seegmiller.

The opinion in that case recites that Jacob Seegmiller was satisfied to have the judgment go against his sons for the amount of the judgment under the provisions of this will. He was satisfied to have the judgment paid by his sons, the garnishees, so that he might be discharged from any personal obligation under the original judgment. A contention was made in this court that this court could not hear and determine the case without the presence of Jacob Seegmiller; that, if the case was reversed, it would injuriously affect him, inasmuch as the payment of the judgment entered against the garnishees would satisfy the judgment which the plaintiffs had against him, Jacob, and therefore a reversal would be prejudicial to him, and would leave him standing with the judgment unsatisfied, and the garnishees relieved from any obligation to him to pay the amount. This court in that case reversed the judgment against the garnishees, holding that they were not bound to the old man, their father, in any sum under the provisions of the will, because he had never made any demand

upon them for it, and that the judgment, therefore, against the garnishees, was erroneous, and they were not required to discharge it; and left the plaintiff with his judgment unsatisfied against the original defendant, Jacob Seegmiller, but with a right to demand it of the sons in the future.

The rule was recognized in that *Ober* case that, where there is a party to a controversy whose interests may be injuriously affected by an adverse ruling in this court, this court will not consider the case without his presence in this court, and that notice is essential to bring him before the court. In that case, it was said:

"No notice of appeal need be given any party to an appeal except one who is interested in the result thereof, and whose rights may be affected thereby, save as the statute expressly requires such notice. As the original judgment defendant's interest cannot be prejudicially affected by the appeal, we do not think it necessary that he be served with notice thereof."

The query arises: Why might not his interest be prejudicially affected? If the judgment against the garnishees had been affirmed, the judgment of the plaintiff against him would be satisfied by the garnishees. If the judgment was reversed, and the garnishees were relieved of the obligation to pay the amount of the judgment entered against them to the plaintiff, in satisfaction of the plaintiff's judgment against the judgment defendant, then the original judgment defendant would be still holden for the judgment as originally entered against him, and his rights against the garnishees would be thereby adjudicated; for, as said in Section 3951 of the Code of 1897, "The judgment in the garnishment action, condemning the property or debt in the hands of the garnishee to the satisfaction of the plaintiff's demand, is conclusive between the garnishee and defendant." The original defendant, being a party to the proceedings, and having been served with notice of the gar-

nishment, as provided by Section 3947, Code Supplement, 1913, is bound by whatever judgment the court enters, touching the liability of the garnishee to the plaintiff in execution as his debtor.

It will be noted that, in the *Ober* case, the same doctrine is recognized that finds pronouncement in the case to which this opinion is supplemental. It is true that, in this *Ober* case, some language is used that would be, in strict construction, antagonistic to something that has been said by us in the original case. But what is said there must be understood in the light of the facts presented in that record. It is said in the *Ober* case that, if the garnishees are successful in the appeal, and the cause is reversed and the judgment against the garnishees set aside, the original defendant is not injuriously affected. It must be borne in mind that, in this *Ober* case, this court denied plaintiff judgment against the garnishees because no demand had been made on them by the judgment defendant which would mature their obligation to pay under the provisions of the will,—that their liability depended upon a demand by the father; and it was said:

"There, as here, if no demand was made, nothing was to be paid, and, as no demand was made by the father at any time, nothing was due which he could collect for the years that had passed, and nothing would be due in the future, save as he might fix the amount and make demand for the same."

It appears, therefore, that, by failing to make a demand, he lost all rights against these garnishees for any sum that might have been obtained, if demand had been made in the past, but for the future, there was no adjudication in the garnishment proceedings or otherwise; that, until demand made therefor, an obligation would not mature in favor of the father under the provisions of the will;

that, until demand was made by the father of the sons for a certain fixed sum required by the will to be paid to the father by the sons, no obligation rested on the sons to make payment; that demand was a condition precedent to the creation of any obligation on the part of the sons to whom the property was devised.

The plaintiff in execution could have no greater right against the garnishees than existed on the part of the father at the time the garnishment was made. He had made no demand of any fixed sum; therefore no fixed sum was due from the sons. Therefore, there was no determined sum that could be reached by garnishment. The court did not adjudicate, however, the right of the father thereafter to make a demand under the provisions of the will, nor adjudicate the obligation of the garnishees to pay him on such demand. Therefore, it was held that his rights were not prejudicially affected, and he was not a necessary party to the appeal.

What is said in an opinion must be read in the light of the facts on which the pronouncement is made, and must be limited to the record that is then before the court for its consideration. The legal principle upon which the pronouncement was made in the *Ober* case is in no way inconsistent with the pronouncement made in the instant case. In the instant case, however, we wish to modify something that was said herein. We said:

"These questions meet us, therefore, at the threshold of this inquiry: 1st. Was the defendant the Guaranty Abstract Company a co-party to this proceeding? 2d. Would a reversal of the case be prejudicial to it?"

We followed this by saying, "If both of these questions are answered affirmatively, this court is without jurisdiction." We should have said, "If the latter question is answered affirmatively, this court has no right to determine the controversy." We further said, "We answer both these

questions in the affirmative." We should have said, "We answer the latter question in the affirmative."

With this modification, the petition for rehearing is overruled.

LADD, WEAVER, PRESTON, SALINGER, and STEVENS, JJ., concur.

EVANS, J., dissents.