CAPITAL FOOD CO., Appellee, v. GLOBE COAL CO., and A. D. BOTHNE, Defendants, and W. W. WHEELER, Appellant.

**Appeal:** SERVICE OF NOTICE ON PARTY UNAFFECTED. An appeal will not be dismissed because of failure to serve notice on a party against whom no relief is sought and who cannot be affected by the appeal.

**Judgments:** VACATION: DIRECT ATTACK: PLEADING. In a suit against one member of a partnership to recover partnership property for the satisfaction of a judgment against the firm, the defendant cannot have the judgment set aside on the ground that the contract on which it was based was outside the scope of the firm business, where he made no direct attack upon the judgment in his pleadings.

**Partnership:** ADVANCES OF CAPITAL BY ONE PARTNER: JUDGMENT CREDITORS: DISPOSITION OF FIRM PROPERTY. Where one partner contracted to furnish firm capital not to exceed a stated amount, unless otherwise agreed, and he advanced an additional sum which was recognized in a settlement between the partners as a firm debt, he became, in the absence of an agreement to furnish the same, a creditor of the firm to that extent and entitled to be reimbursed out of firm assets; and the other partner could, in the absence of fraud, turn over to him firm property in discharge of the obligation, even though he thus acquired priority over a judgment creditor who had taken no steps to enforce his judgment, and even though the firm then had insufficient assets to pay other debts.

**Same:** Upon winding up of a partnership by agreement of the part-

ners, one member of the firm who has advanced the capital cannot withdraw the same to the prejudice of a judgment creditor of the firm, where there are no other assets from which the judgment may be satisfied.

McClain, J., dissenting.

*Appeal from Polk District Court.*—HON. JAMES A. HOWE; Judge.

THURSDAY, APRIL 8, 1909.

THIS is an action in equity for the recovery of assets of the defendant Globe Coal Company, and to have the same applied to the payment of a judgment against said company. The Globe Coal Company was a copartnership, consisting of one Bothne and defendant Wheeler. The proceeding is directed against the defendant Wheeler alone on the theory that he is in possession of the assets of the company. There was no service on the Globe Coal Company nor any appearance, nor was any relief asked against Bothne. There was a decree against the defendant Wheeler, and he appeals.—*Modified* and *affirmed.*

*Dale & Harvison,* for appellant.

*Baily & Stipp,* for appellee.

EVANS, C. J.—On December 1, 1902, the defendants Wheeler and Bothne entered into articles of partnership. The partnership was organized exclusively for the business of buying and selling coal. The business was to be in the personal charge of Bothne. Wheeler put in all the capital, which was "not to exceed ten thousand dollars unless otherwise arranged for by special agreement." In May, 1903, Bothne entered into a contract with the plaintiff for the purchase of a large amount of "stock food,

poultry food, lice killer," etc.  This contract was entered
into by Bothne in the name of the Globe Coal Company.
The plaintiff subsequently brought an action on the con-
tract against the Globe Coal Company by serving notice
upon Bothne alone, and obtained a judgment against the
partnership as such for about $1,400 and costs.  No at-
tempt has ever been made to obtain a judgment against
Wheeler as a member of the partnership.  So far as is
disclosed by any evidence in this record, the contract of
purchase with plaintiff was outside of the scope of the
partnership business, and could not be enforced against
Wheeler.  The only right claimed by the plaintiff is that
it is entitled to collect its judgment out of partnership
property.  Wheeler put up the capital for the Globe Coal
Company to the full limit of $10,000, and advanced $3,000
additional.  He claims to have been a creditor of the firm
to the extent of $3,000.  Upon the dissolution and settle-
ment of the partnership as between the partners, his claim
was agreed to by his copartner, Bothne, and all the as-
sets on hand, amounting to $3,700, were turned over to
him.  The contention of the plaintiff is that the appro-
priation of the assets of the firm by Wheeler was such a
violation of its rights that it was entitled to a judgment
against Wheeler by reason thereof.

I.  The appellee has filed its motion to dismiss the
appeal for failure of the appellant to serve notice of ap-
peal upon Bothne.  It is apparent from the record that
Bothne can not be affected injuriously or otherwise by the
result of this appeal.  Indeed, it is not clear
from the record that he is a party to the
case at all.  His name is included in the
caption.  The decree recites his default; but
there is no averment against him in the petition.  He did
not appear in the case except as a witness, nor does it
appear, except by inference, that he was served with notice.
The petition asked no relief against him.  The decree

1. APPEAL:
service of
notice
on party
unaffected.

awarded no relief against him, except that a judgment for costs was entered against "defendants." The motion to dismiss must therefore be denied.

II. It is argued by appellant that he was not, and is not, bound by the contract entered into with the plaintiff, because it was outside of the scope of the partnership, and

2. JUDGMENTS: vacation: direct attack: pleading.

that for the same reason the partnership firm is not bound thereby, and that he is therefore entitled to have the judgment against the firm set aside. As an abstract proposition we may concede appellant's contention in this respect. The difficulty with his position is that his only direct affirmative attack upon the judgment is contained in his argument, and not in his pleading. His answer is strictly defensive, and consists wholly of general and special denials. There is in it no affirmative averment which can be considered as a direct attack upon the judgment. His answer is in no sense a cross-bill. Defendants' special denial that the judgment defendant, the Globe Coal Company, is identical with the company of which defendant was a member avails him little. The evidence is against him on that question. We must hold, therefore, that the defendant by his pleading presents no direct attack upon the judgment, and that the judgment must be deemed valid. The judgment, however, only purports to be against the firm as such. It does not purport to be against the defendant personally. The defendant is not liable upon it personally, nor can his property be appropriated to the payment of it.

III. This brings us to the question whether Wheeler

3. PARTNERSHIP: advances of capital by one partner: judgment creditors: disposition of firm property.

was guilty of any legal fraud upon the plaintiff in appropriating the assets of the partnership to the payment of his own claims. That plaintiff could have levied an execution upon the assets of the firm while they remained such is manifest. It did not do so. That Wheeler was a creditor of the Globe Coal

Company to the extent of $3,000 must be deemed a fact in the case. This was so recognized in the settlement between the partners. There is no evidence that he ever agreed to put up more than $10,000 capital against the labor of his copartner. If he was a creditor, he had a legal right to receive payment of his debt out of the firm assets. And this is so even though he thus took priority over the plaintiff unless some fraud entered into the act. The charge of plaintiff's petition is that he took such property fraudulently. No fraud is proved unless the act itself amounted to a legal fraud. But Wheeler sustained no personal relation to the plaintiff, nor owed it any personal duty. He was not a party to its contract, nor to its judgment. In the collection of its judgment the plaintiff was limited to firm property alone. Nor did the plaintiff have any lien upon firm property. In so far as any assets were turned over to Wheeler with the consent of his copartner to discharge his claim as a creditor, such assets ceased to be firm property, and became the property of Wheeler. In the absence of fraud, the plaintiff has no legal right to attack such transfer, even though the firm was insolvent, and even though the appropriation of such assets did not leave sufficient property to pay the plaintiff's claim. *Poole v. Seney,* 66 Iowa, 502; *Smith v. Smith,* 87 Iowa, 93; *Sylvester v. Henrich,* 93 Iowa, 489; *Johnston v. Robuck,* 104 Iowa, 523; *Bank v. Brubaker,* 128 Iowa, 587. We hold, therefore, that, in so far as Wheeler was a creditor of his firm, he was legally entitled to appropriate the assets of his firm with the consent of his partner to the payment of his debt.

IV. As already indicated, the remaining assets of the firm amounted to $3,700, and Wheeler took them all. This was $700 more than the amount of his claim as a creditor. We think this must be regarded as the last remnant of the capital. As between the partners, Wheeler was entitled to take it as a

4. Same.

withdrawal of the capital. As against the plaintiff, however, we think he was not entitled to withdraw this capital, and that it must still be deemed as part of the capital of the firm for the purpose of this case. The decree of the court below will therefore be modified. Plaintiff will be permitted to take a decree against the defendant Wheeler for $700, with interest thereon from the date of the decree of the trial court. Appellee will pay the costs of this appeal.

As so modified, the decree below will be affirmed.— *Modified* and *affirmed.*

McCLAIN, J. (dissenting).—The conclusion of the majority that defendant Wheeler is entitled to retain $3,000 out of the assets of the partnership as a creditor for money advanced does not meet my approval. It was provided in the articles that defendant Wheeler was to furnish the necessary capital to conduct a successful business, and Bothne was to have entire charge of the same as manager, his services offsetting Wheeler's capital, and each sharing equally in profits or losses, and, further, that Wheeler "will at all times furnish funds to conduct a successful enterprise, such funds, however, not to exceed $10,000, unless otherwise arranged for by special agreement." It seems to me that, under this agreement, whatever funds Wheeler furnished were furnished as capital, in the absence of any showing that they were advanced by him under an arrangement by which he was to become an ·individual creditor. He was not bound to furnish more than $10,000; but, if for the purpose of conducting a successful business he thought it desirable that more money be used, he could furnish it and treat it as capital, while, on the other hand, he could not make the partnership his debtor for any money furnished unless there was a special agreement to that effect with his copartner. Were Wheeler now seeking to hold Bothne as his debtor for a share of the $3,000

furnished beyond the $10,000 which he had agreed to furnish, I think it would be a complete defense on behalf of Bothne that the partnership had not become the debtor of Wheeler because no special agreement had been made. In other words, I think that all the funds furnished by Wheeler must be treated as capital in the absence of any proof of a special agreement by which a portion thereof was to be treated as a partnership debt. If that is true as between Wheeler and the partnership, it is also true as between Wheeler and plaintiff as a partnership creditor, for plaintiff is entitled to be reimbursed out of the partnership funds which Wheeler has appropriated. Wheeler could not convert himself into a creditor simply for the purpose of defeating plaintiff's claim, nor could Bothne and Wheeler by any arrangement entered into after plaintiff had become a creditor and the partnership had become insolvent convert what had between them been capital into a loan by Wheeler to the partnership.

For these reasons, I think that the majority reaches an erroneous conclusion in holding that Wheeler is entitled to $3,000 out of the assets of the partnership to be held by him as its creditor against the claim of the plaintiff.