IRA M. DILLAVOU, Guardian of AMOS J. STEVENS, Appel-. lant, v. GEORGE C. DILLAVOU, Executor et al.

**Judgment on demurrer:** CONCLUSIVENESS: APPEAL: PERSON ENTI-
TLED TO NOTICE. A judgment on demurrer to a petition which
goes to the merits of the case and affects all defendants, whether
joining in the demurrer or not, is an adjudication as to all;
so that where a decree was entered construing a will and fixing
the interests of legatees thereunder, which were identical, and
an action for new trial was brought making the legatees defend-
ants, some of whom joined in a demurrer to the petition which
was sustained, it was necessary to serve notice of appeal from
the judgment on demurrer on all of the legatees including
those who did not join in the demurrer.

*Appeal from Greene District Court.*—HON. Z. A. CHURCH,
Judge.

SATURDAY, APRIL 10, 1909.

PETITION for a new trial. A demurrer to the petition
was sustained, and, the plaintiff electing to stand on his
pleadings, judgment was rendered against him for costs,
and he appeals.—*Dismissed.*

*Gallagher & Graham,* for appellant.

*Howard & Howard,* for appellees.

SHERWIN, J.—George C. Dillavou, as executor of the
estate of James Dillavou, brought an action to have the
will of his testator construed. In that action John L.
Dillavou and others were made parties defendant, and
upon the trial the interests of the plaintiff in the estate
of James Dillavou were established as prayed. The in-

terest of the defendant John L. Dillavou was identical with the interests of the plaintiffs, and the decree so found. Some of the defendants appealed, and on the original submission of the case it was determined upon its merits, and the judgment of the trial court was reversed. See *Dillavou v. Dillavou,* 130 Iowa 405. Upon a rehearing it appeared that a notice of appeal had not been served upon John L. Dillavou, and we sustained a motion to dismiss the appeal because of such want of notice. See *Dillavou v. Dillavou,* 130 Iowa, 405. Thereafter the plaintiff was appointed the general guardian of the estate of Amos J. Stevens, who was a minor at the time of the other trials, and who was represented therein by a guardian *ad litem,* and this action was brought to secure a new trial under the provisions of subdivision 6 of section 4091 of the Code. John L. Dillavou and other legatees of the deceased James Dillavou were made defendants herein and duly served with notice of the application for a new trial. John L. Dillavou did not appear either in person or by counsel; but George C. Dillavou, as executor and as legatee, and other legatees claiming the same interest in the estate of James Dillavou, did appear and demur to the petition. The demurrer was sustained, and, the plaintiff refusing to plead further, judgment was rendered against him for costs. The plaintiff appealed, but did not serve notice of appeal on John L. Dillavou, nor on any of the defendants who did not join in the demurrer. The appellees move to dismiss the appeal because said defendants were not served with notice thereof.

The construction of the will of James Dillavou fixed the interests which would be taken thereunder as legatees by the appellees herein and by John L. Dillavou, and their interests were identical. John L. Dillavou was a necessary party to the original suit, because he was a legatee whose interests might be affected by a construction of the will. For the same reason, and because of the identity of

his interest with that of the plaintiff in the original action, he was a necessary party to the disposition of the case upon appeal. *Dillavou v. Dillavou,* 130 Iowa, 405. He was also a necessary party to the present action for the reason that a new trial would vacate and set aside a decree in his favor, and this necessity was recognized by the plaintiff and was met by service of notice upon him. The demurrer raised the question of the plaintiff's right to a new trial upon the facts pleaded, and it was determined that he had no such right. This left undisturbed a decree establishing the rights of John L. Dillavou, and he is now as vitally interested therein as he was on the original submission of the case to this court. To set aside that judgment would not only deprive him of the benefit of a judgment in his favor, but it might result in depriving him of a part of the property that has already been awarded him. It is therefore apparent that he is a necessary party on this appeal.

The appellant's contention that he can not be affected by a reversal of the judgment on the demurrer because he did not join in the demurrer is not sound. The demurrer went to the very right of the plaintiff to have a new trial. It was a determination of the merits of his case, so far as the same could be determined in this action, and such determination could not be made without affecting the interests of all parties. *Dillavou v. Dillavou,* 130 Iowa, 405; *Day v. Hawkeye Ins. Co.,* 77 Iowa, 343. A judgment on demurrer is an adjudication when it goes to the merits of the case. *Gregory v. Woodworth,* 107 Iowa, 151; *Lamb v. McConkey,* 76 Iowa, 47. And where the rights of all parties are so interwoven that a determination of the rights of one will of necessity determine the rights of the others, a judgment on demurrer should not be reversed without notice to all parties interested in sustaining the same.

We are constrained to hold that John L. Dillavou is

a necessary party to this appeal, and that because no notice thereof was served on him the appeal must be *dismissed*.