W. A. HOOVER, Appellant, v. LORRIN A. DICKEY, ET AL.

**Mortgages:** FORECLOSURE: FRAUD IN EXECUTION: EVIDENCE. In this action to foreclose a mortgage covering the homestead, securing both a loan of money and a prior judgment, the evidence is held to support a finding that the mortgagor, an aged lady, very deaf and nearly blind, had been imposed upon in the execution of the mortgage and that she never intended it to secure the judgment, and foreclosure was therefore properly denied.

*Appeal from Mahaska District Court.*—HON. K. E. WILL-COCKSON, Judge.

TUESDAY, APRIL 5, 1910.

ACTION to foreclose a mortgage. The court denied the relief asked by plaintiff, and he appeals.—*Affirmed.*

*J. B. Bolton,* for appellant.

*C. C. Orvis* and *Burrell & Devitt,* for appellees.

McCLAIN, J.—In April, 1905, the defendant Lorrin A. Dickey, who had for twelve years been a widow in possession of a tract of fifty-eight acres of land, including the homestead left by her husband, applied to this plaintiff, a neighbor, for the loan to her of $50 for temporary assistance to herself and her son, who lived with her, representing that she was in great financial distress and in want of the bare necessities of life. Plaintiff held a judgment against her for $400 on account of money loaned to her husband before his death, for which a note had been given; she joining with her husband in the execution of said note. Plaintiff testified that he agreed to advance $50 to her if she would give him a mortgage on the land to secure that amount and also to secure the $400 judgment. Mrs. Dickey, who was then eighty-three years of age, very deaf, nearly blind, so that she had for several years been unable to read, testified as to this conversation with plaintiff that he himself proposed to let her have $50 and take a mortgage for that amount on the land; but she denied that anything had been said in this conversation about including the $400 judgment in the mortgage. The next day the attorney who represents plaintiff in this action visited Mrs. Dickey, and made some proposition to her in regard to having one Bennett appointed administrator of her husband's estate. But it does not appear that at this time anything was said to Mrs. Dickey about a proposed mortgage to plaintiff. On April 12th, following, Bolton, representing plaintiff, having with him a mortgage partially filled out with the description of the land, and accompanied by Bennett, in whom he believed Mrs. Dickey would have confidence, visited Mrs. Dickey at her home, and there completed the mortgage which plaintiff seeks to foreclose in this action, at that time filling out the same so as to secure

the payment of $50 and the judgment of $400 already referred to. This instrument was signed by Mrs. Dickey, and subsequently recorded.

The controversy of fact is as to whether Bolton, representing the plaintiff at the time this mortgage was executed, read it to her as prepared by him, so as to advise her that it was given to secure the $400 judgment, as well as the $50 in money which plaintiff advanced to her by a check delivered at that time and made payable to Bennett for Mrs. Dickey's benefit. On this question we have in the record the testimony of Bolton that he read the mortgage to her as prepared, and that she expressed her appreciation of plaintiff's repeated kindnesses to her. But Bolton does not testify to any language used by Mrs. Dickey indicating her appreciation of the fact that the mortgage was given to secure the payment of the $400 judgment. Mrs. Dickey denied that the fact was communicated to her, by the reading of the mortgage or otherwise, that it was so drawn as to secure the payment of this $400 judgment. Mrs. Dickey's son was present; but plaintiff's own witness testified that he was incompetent, incapable of transacting business, and took no part nor interest whatever in the proceeding, except to acquiesce in the arrangement that the $50 should be paid to Bennett. Bennett himself testified for plaintiff in general to the filling out of the mortgage, and to the reading of it by Bolton to Mrs. Dickey. But he did not testify with any definiteness to any communication made by Bolton to Mrs. Dickey indicating that the $400 judgment was included. If anything in his testimony is to be construed as indicating the reading of the provision in this respect to Mrs. Dickey, its effect is fully negatived by his admissions, made a few days afterward to a daughter of Mrs. Dickey, that the mortgage did not include any provision as to securing the judgment, and it would appear from the testimony of this daughter and from the admissions of

Bennett himself that he did not know that there was any provision in the mortgage for securing this judgment.

Under this state of the record, we are satisfied that the trial court properly reached the conclusion that Mrs. Dickey had been imposed upon in the transaction as to the giving of the mortgage, that she never intended or understood that the mortgage was to secure the payment of this judgment, and that plaintiff was entitled to no other relief than to have repaid to him the $50 advanced by his check made payable to Bennett, which amount was tendered to plaintiff on the trial, and, as we understand the record, has now been paid.

The decree of the trial court is *affirmed*.