Geo. F. McCarty, Appellee, v. Amanda M. Campbell, et al, Appellees, and Charles Norris, W. A. Hoover and C. C. Orvis, Assignee of B. F. Anderson, Appellants.

**Appeal:** nunc pro tunc order: when conclusive.  *Nunc pro tunc* orders entered correcting the record after an appeal of the case, which were not appealed from, will be treated as a verity.

**Pleadings:** time for filing.  A pleading after the party has taken a so-called appeal and the case is in the supreme court comes too late for consideration.

**Appeal:** who entitled to appeal.  Parties claiming liens upon land sought to be partitioned who file no pleadings tendering an issue are not entitled to appeal from the decree.

**Same:** parties entitled to notice: dismissal.  It is the duty of the appellant to serve all parties with notice of appeal whose interests may be affected by a reversal of the judgment.  Thus where the decree in a partition proceeding fixed the interests of all the other parties, denying to appellant any interest in the property, upon his failure to serve notice of appeal upon those parties whose interests would be reduced by a reversal of the judgment and establishment of his claimed interest, the appeal should be dismissed.

**Parties:** service of notice: appearance: estoppel.  Where an apparent defect in the service of notice of suit was cured by a *nunc pro tunc* order from which no appeal was taken, and although the defendants had no notice of the motion for the order they appeared and moved to set it aside, and their motion was either denied or not ruled upon, they were not in position to say that they were not proper parties to the suit.

*Appeal from Mahaska District Court.*—Hon. John F. Talbott, Judge.

FRIDAY, MAY 15, 1914.

Action to partition certain real estate, and for the sale thereof because it could not be partitioned in kind.  The trial

court established the interests of the various parties, and some of the defendants undertook an appeal. Appeal—*Dismissed.*

*L. T. Shangle,* for appellants.

*Burrell & Devitt, D'. C. Waggoner, J. O. Malcolm, C. Ver Ploeg, David S. David* and *J. G. Patterson,* for appellees.

Deemer, J.—On account of the numerous abstracts and amendments thereto, and several certifications of the record, the case is in considerable confusion, and we may have some

1. Appeal: nunc pro tunc orders: when conclusive.

difficulty in stating it. After the original decree was passed, and after an appeal was taken to this court, certain pleadings were filed, and at least two *nunc pro tunc* orders were entered by the district court correcting some of the records. One of these orders related to the time of the filing of an affidavit for the publication of notice, and another to the time of the actual entry of the decree in the court below. Neither of these orders were appealed from, and they must, in consequence, be treated as a verity.

These orders show: First, that an affidavit for the publication of notice upon certain non-resident defendants was filed in time, and that the service upon them was complete at the

2. Pleadings: time for filing.

time the case was tried in the district court. The other shows that the decree appealed from was not entered of record until December 2, 1912, so that whatever notice of appeal was given was timely. The so-called appeals by Hoover and Orvis were taken on May 29, 1913, and Hoover filed no pleading in the court below until May 31st of the same year, which was too late, for by the appeal the case was already in this court; and we do not find that Orvis ever filed any pleading, although he appeared and was represented by counsel. It appears from the testimony that he was the assignee of a claim held by one Anderson against the estate of Joseph Dickey, for a monument furnished for the grave of

the deceased, which claim was at the time of trial represented by a note given by Mrs. Dickey, the wife of Joseph, upon which some payments had been made.

It appears that Joseph Dickey died testate July 16, 1893, seised of the land which is the subject of this action, consisting of fifty-eight acres, forty of which were the homestead of his wife and family. By his will he directed that all his just debts and funeral expenses be paid, and then gave his wife all his personal property, absolutely and unconditionally. He also gave his wife a life estate in all his real estate, and then provided that at her death all the real estate be sold and the proceeds divided into ten equal shares, and paid to certain named legatees, as follows:

'A'—To the children of my deceased son, Joseph Dickey, Jr., who may be living at that time, one share to be divided equally between them, share and share alike.

'B'—To the children of my deceased stepson, George W. Beauchamp, who may be living at that time, one share to be divided equally among them, share and share alike.

'C'—To my granddaughter, Ada Amanda Groom, one share.

'D'—And to each of my children, to wit, William A. Dickey, Lorenzo Dickey, Oscar A. Dickey, Mary E. Starlin, Louisa A. Croft, Amanda M. Campbell, one share or part.

This will was duly probated on November 22, 1894, but no executor or administrator seems to have been appointed until April 9, 1897, when W. W. Haskell was appointed as administrator with will annexed. On the day of this appointment, Lorin A. Dickey, the widow, made a mortgage, upon what she described as her undivided one-third interest in the land left by her deceased husband, to W. W. Haskell to secure a note in the sum of $75 due April 9, 1898. In the year 1900 action was brought by the then holder of the note, Laura C. Norris, to foreclose the said mortgage. Defense thereto was made by Mrs. Dickey, but after trial the case went against her, and her claimed interest in the land was sold on special execution to

Charles Norris, and, as no redemption was had, he took a sheriff's deed, which was recorded April 6, 1912. Haskell, the administrator, died, and his wife made a final report for him, and he and his bondsmen were discharged April 9, 1903.

Mrs. Dickey died intestate May 30, 1912, and no administrator was appointed of her estate. Before her death, and about May 1, 1910, she became incompetent, and a guardian was appointed for her and for her property. On April 12, 1912, one Cowan was appointed administrator *de bonis non* of the estate of Joseph Dickey. One W. A. Hoover filed a claim against the Dickey estate on December 15, 1897, in the sum of $250, with interest, and said claim was allowed by the administrator, Haskell, on December 15, 1897. On April 12th of the year 1905 Hoover induced Mrs. Dickey to make a mortgage upon her interest in her husband's real estate to secure this note. In 1906 Hoover brought action to foreclose the mortgage, and was defeated by this court. See *Hoover v. Dickey*, 146 Iowa, 652.

One B. P. Anderson furnished a monument for Joseph Dickey, and he filed a claim against his estate on December 16, 1897, and, as we understand it, this claim was also allowed by the administrator within a short time after its filing, although the claim seems to have been lost, and there is no entry of its allowance. This claim was assigned to C. C. Orvis, and thereafter he took a note from Mrs. Dickey for the amount thereof, upon which some payments have been made, but he (Orvis) did not push the collection thereof because, as he said, the maker was a client of his, was very old, and some of the heirs asked him not to "push the note." These latter facts present the situation of the respective appealing defendants. Norris is the only one of them who filed an answer in time, and the others, while not in default perhaps, because they appeared either personally or by counsel, filed no pleadings within time, and tendered no issues. The action was commenced by Geo. F. McCarty, who claimed to be the owner of an undivided one-third interest in the land, under a

sale thereof on execution by certain judgment creditors of Mrs. Lorin A. Dickey; the deed being executed November 27, 1911, plaintiff becoming the owner by purchase from the holder of this sheriff's deed on March 1, 1912. In his petition he made defendants all the heirs and devisees under the will of Joseph Dickey, deceased, and all purchasers of any of their interests. None of these appealing defendants seem to have been named as defendants in the title to the petition, but from the allegations thereof it would seem that Norris was made a defendant. The interests of each of the living heirs and devisees was set out and partition of the land asked.

Both plaintiff in his petition, and Norris in his answer, claimed that the widow of testator took an undivided one-third interest in the lands of the deceased; that she was in fact entitled to take both under the will and under the law; and that even if this be not true, as she did not make formal election to take under the will, she was entitled to and did take her distributive share, by conduct such as estops her from asserting to the contrary, because no election was entered upon the probate records.

Such, in brief, were the issues tendered by the pleadings, and, after a trial upon these issues, the trial court found that the widow had either elected to take a life estate under the will, or that she had estopped herself from claiming to the contrary, and the claims of each and all of the respective parties who asserted any interest in or right to an undivided interest in the property, through the widow, were denied. The interests of each and all the heirs and devisees were fixed and determined, and the decree, among other things, provided:

That at the date of the death of Lorin A. Dickey, deceased, there was living the following heirs of Joseph Dickey who became entitled under his will to an interest in the real estate above described, to wit: Amanda M. Campbell, a daughter, who the court specifically finds was and is entitled to an undivided one-eighth (⅛) interest in said property. That the defendants, Juantha (or Juhantha) Andrews and

Amanda Cease, are the only two living children of Joseph Dickey, Jr., deceased, and that each of said defendants is the owner of and entitled to an undivided one-sixteenth (1/16) interest in said land. That Emma Arnold, Joseph Croft, Alvador (or Alva J.) Croft, Wilbur Croft, Bird Croft, Fred Croft, and Bertha (or Bessie) Croft are the only surviving children of Louisa J. Croft, who was a daughter of the said Joseph Dickey, deceased, and that each of them is the owner of and entitled to an undivided one fifty-sixth (1/56) interest in said property. That the defendant, William Beadle, is the owner by assignment and purchase, of an undivided five twenty-fourths (5/24) interest in said real estate. That the defendant, J. A. Devitt, is the owner, by assignment and purchase, of an undivided five twenty-fourths (5/24) interest in said real estate. That the defendant, W. C. Burrell, is the owner, by assignment and purchase, of an undivided five twenty-fourths (5/24) interest in said real estate. That the mortgage of the defendant, D. A. Himes, in the sum of $—— is a first lien upon the interest of the said defendant, William Beadle, and that the mortgage of the defendant Charles Beadle, in the sum of $——, is a lien upon the interest of the said Beadle, subject only to the mortgage of the defendant, D. A. Himes. The court specifically finds that the claims of W. A. Hoover, Charles Norris, and B. P. Anderson, or C. C. Orvis, assignee, are not liens upon the real estate herein described, and that each and all of them are barred as claims against the estate of Joseph Dickey, deceased. The court specifically finds that W. R. Cowan, administrator *de bonis non* of the estate of Joseph Dickey, deceased, has no right, title, or interest in the real estate herein described as such administrator. The court specifically finds that the plaintiff, George F. McCarty, has no right, title, or interest in the real estate herein described.

Norris, Hoover, and Orvis attempted to appeal, but they did not direct their notices to or serve the same upon all the parties who were found to have an interest in the property.

3. APPEAL: who entitled to appeal.

In other words, no notice was given to defendants Emma Arnold, Joseph Croft, Alvador (or Alva J.) Croft, Wilbur Croft, Bird Croft, Fred Croft, Bertha (or Bessie) Croft. Nor did Norris

give any notice to Hoover and Orvis, nor did the latter give any notice to Norris. We are constrained to hold that neither Hoover nor Orvis was in such a position as to be entitled to appeal because neither tendered any proper issue in the case. *Ball & Co. v. Creamery Co.*, 98 Iowa, 184; *First Bank v. Gill & Co.*, 50 Iowa, 425; *Henry Lee Co. v. Elevator Co.*, 42 Iowa, 33. The case was not submitted as an agreed one, and proper pleadings were necessary. *Winburn v. Association*, 110 Iowa, 374.

Norris doubtless had the right of appeal, but he was bound to serve all the other parties, both plaintiffs and defendants, whose interests might be affected were the judgment reversed.

4. SAME: parties entitled to notice: dismissal.

It is perfectly manifest that should the judgment be reversed on his appeal, and he given an undivided one-third interest in the land, that the interests awarded to the Croft heirs would be diminished by the proportionate amount of this one-third interest, which would be taken away from them as well as all the other heirs and devisees. None of these Croft heirs were given any notice of appeal. They were proper parties to the original case, were served with notice by publication, and their interests were fixed and determined by the decree.

It is argued that they were not properly served with notice because the affidavit for publication was not filed in time. This apparent defect was cured by the trial court in term time, upon a motion *nunc pro tunc*, from

5. PARTIES: service of notice: appearance: estoppel.

which no appeal was taken. It appears from the record that no notice was given them thereof, but it also appears that they appeared and filed a motion to set aside the order, and that the court has never ruled thereon, or that it was denied, and, in either event, they cannot now say that they were not proper parties to the main suit. If the court has not ruled on this motion to set aside the order *nunc pro tunc*, then it is still pending for determination, and these parties should have demanded a ruling thereon. If, as is probably the case, the motion was denied, then the

order became a verity because not appealed from. That notice is essential in such a case to justify us in giving it any consideration is so well established by the authorities that we need not refer to all. The following support the rule: *Capital Co. v. Globe Coal Co.,* 142 Iowa, 134; *Black v. Chase,* 145 Iowa, 715; *Fullerton v. Hughes,* 126 Iowa, 697; *In re Down's Will,* 141 Iowa, 268; *Dillavou v. Dillavou,* 142 Iowa, 291, and cases cited.

There is no escape from the conclusion that, because of the appellants' neglect to serve proper parties, the appeal cannot be considered, and it must therefore be, and it is—*Dismissed.*

LADD, C. J., and GAYNOR and WITHROW, JJ., concur.