JOHN B. TAYLOR, Appellant, v. WOODBURN BANK et al.,
Appellees.

**APPEAL AND ERROR:** Notice of Appeal—Coparties Not Served—
Effect. When, under equitable issues, in an action against a bank
on a certificate of deposit, by the transferee of the certificate (to
which action the original payees are parties), the court decrees that
the certificate should be applied to the extinguishment of the debt
of the original payees to the bank, and that the bank have judg-
ment against the said original payees for a balance due, an appeal
by plaintiff cannot be maintained unless said original payees be
served with notice of appeal.

*Appeal from Clarke District Court.*—HOMER A. FULLER,
Judge.

FEBRUARY 5, 1924.

OPINION ON REHEARING OCTOBER 17, 1924.

ACTION to recover upon four certificates of deposit issued
by the defendant bank to A. L. and Julia Gammon, and trans-
ferred by them to the Commercial State Savings Bank of Cen-
terville, which in turn transferred said certificates to the plain-
tiff. The defendant filed an answer, counterclaim, and cross-
petition, making the Gammons parties. On motion, the cause
was transferred to equity. The trial court entered a decree dis-
missing the plaintiff's petition, and awarded judgment in favor
of the defendant bank against the Gammons for the balance due
said bank, after crediting the amount of said certificates on the
indebtedness of the Gammons to the bank. The plaintiff ap-
peals, and the defendant bank files a motion to dismiss the ap-
peal and affirm the judgment, for the reason that the Gammons
were not served with notice of appeal.—*Appeal dismissed.*

*Howell, Elgin & Howell,* for appellant.

*O. M. Slaymaker, V. R. McGinnis,* and *Bates & Dashiell,* for
appellees.

FAVILLE, J.—On July 17, 1920, the Woodburn Bank issued to Julia and A. L. Gammon four certificates of deposit in various amounts, aggregating $5,791.63. Aside from the name of the payee and the amount stated therein, the certificates are identical, in the following form:

"Certificate               Woodburn Bank                72-1659
     of                                                  No. 22516
  Deposit              Woodburn, Iowa, July 17, 1920.
"Julia A. Gammon has deposited in this bank six
hundred eighty-six dollars and forty cents ($686.40)
payable to the order of Self in current funds upon the
return of this certificate properly endorsed, if left 6
or 12 months with interest at the rate of 4 per cent per
annum from March 3, 1920. No interest after maturity.
M. K. Childers, Cashier."

On April 26, 1921, the Gammons, payees in said certificates of deposit, transferred the same to the Commercial State Savings Bank of Centerville, by indorsing the same and delivering said certificates to said bank, and at said time entered into a written agreement with said Centerville bank that the said certificates were to be held as collateral security for the payment of certain indebtedness owing from the Gammons to the said bank. Said written agreement also authorized the said bank to sell said certificates at private sale at the discretion of the holder, without notice, and to apply the proceeds thereof to the payment of the indebtedness of the Gammons to said bank.

On March 29, 1922, the Centerville bank transferred said certificates of deposit to appellant, for a purported consideration of $6,205.22. It appears from the record that appellant is the president of the Centerville bank. He is a druggist, and not actively engaged in the management of the bank. The transfer of the certificates of deposit from the Centerville bank to appellant was really made for the convenience of the bank, and was solely for collection purposes. It appears that the Centerville bank did not desire to have litigation in its own name, and, after

notice to the Gammons, made the purported sale of the certificates of deposit to appellant, for the consideration stated. The certificates were duly indorsed by the Centerville bank to appellant, and the latter gave the said bank his check for the said amount, which check, at the time of the trial, had not been cashed, and was in the possession of the Centerville bank.

The Woodburn Bank, by answer, counterclaim, and cross-petition, pleads, in effect, that, at the time of the issuing of the certificates of deposit to the Gammons, the latter were indebted to the Woodburn Bank, and that there was at said time an oral agreement between the Woodburn Bank and the Gammons to the effect that the latter would not negotiate or sell the said certificates of deposit, but that the same should be considered as securing any and all indebtedness which might be due from the Gammons to the Woodburn Bank. It is also alleged that the Gammons were indebted to the Woodburn Bank in excess of the amount due on said certificates of deposit.

The appellant joined issue with the Woodburn Bank on said answer and counterclaim, and the Gammons answered the cross-petition of the Woodburn Bank.

The appellant and the Gammons filed separate motions for the transfer of said cause to the equity docket for trial, and the cause was so transferred, and heard in equity. The court entered a decree dismissing the plaintiff's petition and ordering that the certificates of deposit sued upon be surrendered to the Woodburn Bank and be canceled and delivered to it, and that the amount of said certificates be applied as of May 1, 1922, on the notes held by the Woodburn Bank against the Gammons, and entered judgment against the Gammons for the balance due from them to the said Woodburn Bank, being the sum of $611.90.

The Centerville bank, the plaintiff's assignor, is not a party to the action.

Appellee Woodburn Bank has filed a motion to dismiss the appeal, which has been submitted with the case. It is based upon the ground that no notice of appeal was served on the Gammons.

Section 4114, Code of 1897, provides for service of notice of appeal on adverse parties, and Code Section 4111 provides for service of such notice on coparties not joining in the appeal.

Appellant did not bring the Gammons into the case. Appellee bank brought them in by a cross-petition, but appellee also set up, by way of answer to appellant's claim, that it was entitled to the certificates in question, because of the alleged oral agreement between appellee and the Gammons; so that, with the three parties in interest before the court, appellant moved to transfer the cause to equity, and this motion was sustained. Of this ruling appellant cannot now complain. He voluntarily placed himself in a position of asking a court of equity to assume jurisdiction of the matter, with the three parties before it, and with an issue tendered as to who was entitled to the certificates of deposit in question, and upon which indebtedness the Gammons were entitled to credit. True, A. L. Gammon testified that he was satisfied with the application of the certificates of deposit upon his indebtedness at the Centerville bank; but the court held that appellant was not entitled to hold the certificates and give the Gammons credit upon their indebtedness to the Centerville bank, but that the certificates should be applied upon the indebtedness of the Gammons to appellee bank. The decree so provided, and judgment was entered in favor of appellee bank against the Gammons for the balance due from them to appellee bank, after allowing credit for the certificates of deposit.

Under such a condition, and with all of the parties in a court of equity, and with the rights of all parties involved in the decree so entered, it is impossible for this court to reverse the action, which is triable *de novo,* or to modify the decree, without having all of the parties in interest here. We cannot enter judgment against the Gammons for the full amount of their indebtedness to appellee, nor can we deprive the Gammons of the credit that has been given on that indebtedness by the decree below, without the Gammons' being parties to the proceedings in this court. This is one of the cases where the judgment appealed from cannot be modified or reversed without injuriously affecting the interests of the Gammons. Under such circumstances, we cannot consider the appeal or enter a decree in this court without having jurisdiction of all of the parties, and without service of notice of appeal upon the Gammons. Without having the Gammons before us, we cannot take from them, by

decree, the credit which the trial court gave them upon their indebtedness to appellee; nor can we modify the judgment against them, as we should in equity be required to do, if the proceeds of the certificates of deposit were to be given to appellant. Our cases seem to sustain this conclusion under a variety of circumstances. *Hunt v. Hawley,* 70 Iowa 183; *Laprell v. Jarosh,* 83 Iowa 753; *McCarty v. Campbell,* 166 Iowa 129; *Dillavou v. Dillavou,* 130 Iowa 405; *Clayton v. Sievertsen,* 115 Iowa 687; *In re Will of Downs,* 141 Iowa 268; *Oskaloosa Sav. Bank v. Miller,* 189 Iowa 393. See, also, *State Sav. Bank v. Guaranty Abst. Co.,* 181 Iowa 1378.

It therefore follows that appellee's motion to dismiss the appeal must be sustained. It is so ordered.—*Dismissed.*

ARTHUR, C. J., and EVANS and PRESTON, JJ., concur.

VERMILION, J., takes no part.