B. D. JENKINS, Appellant, v. C. H. BEELER et al., Appellees.
W. K. SCOTT et al., Appellees, v. C. R. HADLEY, Appellant.

No. 40365.

NOVEMBER 24, 1931.

O. C. Brown, for B. D. Jenkins, appellant.

S. A. Prall, for the Beelers, appellees.

Watson & Watson, for W. K. Scott, Louisa Scott, Lyd
Adler, and Lacona Auto Co., appellees.

R. R. Nesbitt, for C. R. Hadley and B. D. Jenkins, appellants.

O. M. Slaymaker and R. E. Killmar, for W. K. Scott, appellee.

GRIMM, J.—The pleadings in these two cases are very much

involved. For the sake of brevity, we will refer to the action in equity as the "Jenkins Case" and the action at law as the "Hadley Case."

In the Jenkins case, the petition was filed in May, 1928. The plaintiff sought to recover from the Beelers on a certain promissory note dated October 10, 1925, which note was one of several executed by the Beelers to Ray and Ralph Mills. The note in suit in the Jenkins case was transferred by the Mills to C. R. Hadley and thereafter certain credits were endorsed thereon. It was afterwards transferred to Jenkins. The payment of these notes was secured by a chattel mortgage on shop and office equipments, accessories, tires, tubes and other garage property. The mortgage was duly recorded.

On October 12, 1925, the Mills, payees in the notes, by written assignment, transferred their one-half interest in said mortgage to C. R. Hadley and in May, 1928, Hadley assigned his one-half interest in said mortgage to Jenkins, plaintiff. The plaintiff claimed $975.00, with interest, as the amount due on the note owned by him, and the foreclosure of the mortgage, alleging that certain parties defendant were making certain claims, but that they were all junior and inferior to the claim of the plaintiff, Jenkins.

It appears that in September, 1928, the Lacona Auto Company filed an answer in this cause which, in some respects, is in the nature of a cross-petition. It appears that this auto company is a co-partnership, composed of W. K. Scott and Lyd Adler. It is alleged that Scott, by authority of the firm, had already brought a suit entitled "Scott v. Hadley," which is the law action involved herein. It is alleged that the auto company bought of C. H. Beeler, by exchange of property, the shop and equipment described in the mortgage attached to the plaintiff's petition, and that the said Beeler, in writing, agreed to furnish a clear bill of sale of said stock and tools.

The auto company alleges that on the 13th day of November, 1926, Hadley, defendant in the law action, was the owner of the note and mortgage sued on in plaintiff's petition and that Hadley continued to own the same until the assignment to the plaintiff, Jenkins; that while Hadley was the owner of said note and mortgage, Hadley became indebted to the auto company as specified in said law action; that on July 10, 1927, the

auto company sold to Hadley twelve head of horses, for which Hadley was to pay $900.00, by assigning to the auto company the note of one Roy Shupe, secured by a second mortgage, which note was to be guaranteed by Hadley. It is alleged that a demand has been made upon Hadley for the delivery of the note so guaranteed, but without results. Wherefore, there is due, as it is claimed, to the auto company from Hadley the sum of $900.00, with interest.

The auto company alleges it is the owner of a note of $500.00, secured by a mortgage on what is known as the "Higdon stock." It is claimed that Hadley attended to the taking of the mortgage, and without authority, took the same in his own name. Demand for transfer has been refused, wherefore the claim is made for $547.00, and interest.

It is also claimed that Hadley and the auto company employed one Byers as their agent for the exchange of some property, whereby Hadley owes the auto company $250.00, being one-half of said commission.

It is claimed that Hadley, upon all of these items, is indebted to the auto company in the sum of $1,750.00, and that the same is a valid offset to any claim on the part of the said B. D. Jenkins under said mortgage, as against the auto company.

It is further claimed that by the terms of the contract under which the auto company acquired the garage equipment, the defendant C. H. Beeler agreed to transfer same to the auto company free of all encumbrance, and that any judgment or claim that Jenkins should obtain against the auto company, by reason of said chattel mortgage, should be paid by the defendant Beeler, and the auto company should be entitled to judgment as against the said Beeler.

It is then alleged that in order that final and complete settlement of the matters involved in the suit and in the law action be accomplished, Hadley should be made a party defendant and the said two causes should be tried together.

It is further alleged that the purpose which the said C. R. Hadley had in assigning said notes and the mortgage securing the same was to defeat the auto company in the collection of its claim against Hadley.

On November 8th, the auto company filed an amendment,

after withdrawing paragraph 9 of the original amendment, as follows:

"This defendant alleges that C. R. Hadley is the real owner of the note sued on, that the assignment of said note and mortgage by Hadley to the plaintiff was not a good-faith assignment and was made to defeat this defendant in his claim against the said C. R. Hadley. That the plaintiff took said note and mortgage with knowledge of such fact and is not a good-faith purchaser."

On September 18th, C. H. Beeler filed an answer in the equity cause. It contains, among other things, the following:

"Comes now defendant C. H. Beeler and for his separate answer herein to so much of the answer of the defendant Lacona Auto Co. as is of the nature of a cross-petition against this defendant as alleged in Paragraph 3 and Paragraph 7," etc.

In the answer, Beeler admits he entered into the agreement referred to in paragraph 3 of the answer of the auto company. He admits that Exhibit A, attached to the answer of the auto company is a correct copy of the contract. Further answering, the said Beeler alleges that Adler and Scott failed and neglected to comply with the covenants of said contract and that said failure released him from carrying out his part of the agreement and that other parties are estopped from setting up said contract as a basis of affirmative relief as against him. Later, this answer of said C. H. Beeler's was amended. He alleges that the defendant failed or neglected to deliver the eighty acres of land which was referred to in the contract and alleges that at the time of the execution of said contract, there was a mortgage on said land uncancelled of record for the sum of $2000.00.

On September 14th, W. K. Scott and Lyd Adler filed an answer to the plaintiff Jenkins' petition which, generally speaking, is in the nature of a general denial.

On September 18th, Jenkins, the plaintiff, filed a reply to the answer of the auto company which for the purposes of this opinion may be stated to be in general terms a general denial of affirmative allegations in said answer.

On May 3, 1928, W. K. Scott filed in the law action a peti-

tion alleging, in substance, that on July 10, 1927, Scott sold to Hadley twelve head of horses for which the defendant was to pay $900.00 by assigning to Scott the note of one Roy Shupe, secured by a second mortgage, which said note was to be guaranteed by the defendant Hadley. On this item, he demands judgment for $900.00, with interest.

As a second count, Scott claims he owns a note of $500.00, secured by a chattel mortgage on what is known as the "Higdon stock"; that the defendant attended to the taking of said mortgage, and without authority of the plaintiff took said mortgage in his own name. A demand has been made for an assignment, but it has not been made. On this item, he asks judgment of $740.00.

As a third count, the plaintiff claims that the plaintiff and defendant were employed by Byers to effect an exchange of property for a commission of $500.00, one-half of which belonged to the plaintiff; that the services were performed and the commission paid to Hadley; that the plaintiff is entitled to one-half thereof, or $250.00.

On September 18th, Hadley filed an answer in the nature of a general denial. On November 8, 1928, Hadley filed an amendment to his answer, which amendment seems to be directed to an amendment to the petition, in which Hadley alleges, in substance, that his liability on the Shupe note, if any, would be no greater than that of a blank endorser, and that no demand, waiver or protest has been pleaded or proven. He further alleges that he made a final and complete settlement of all matters due and owing from Hadley to Scott.

There are other more or less unimportant allegations in each of these pleadings, but the foregoing is the substance thereof.

An agreement was made in open court that the two actions were to be consolidated and tried as an equity action. The court filed one decree for both cases, the same having been filed in the equity case. The material portion of the decree is as follows:

"1st. That W. K. Scott have and recover judgment in the sum of $2,954.67 with six per cent interest from April 1, 1929, against the defendant C. H. Beeler, Millie Beeler, H. J. Beeler and Margaret Beeler and that execution issue therefor.

"2nd. That W. K. Scott have and recover judgment in the sum of $1,365.13 with eight per cent interest from April 1, 1929, against the defendant, C. R. Hadley, and that execution issue therefor.

"3rd. That the plaintiff, B. D. Jenkins, have and recover judgment in the sum of $841.47 with eight per cent interest from the 1st day of April, 1929, against the defendants, C. H. Beeler, Millie Beeler, H. J. Beeler, and Margaret Beeler, and the court finds that the chattel mortgage securing plaintiff's judgment should be foreclosed and that a special execution should be issued for the sale of the chattels described in said chattel mortgage, to wit: All shop and office equipment of every character; all Ford parts, accessories, tires, tools, oil, automobiles, trucks, tractors and attachments of all kinds, and all such other articles and merchandise located in the garage building on Lots 1 and 2 in Block 8 of the Original Town of Lacona, Iowa, and that the plaintiff may have general execution for any deficiency.

"However, the court finds that the defendants W. K. Scott, Louisa Scott, Lyd Adler and Lacona Auto now own the personal property above described, subject to plaintiff's chattel mortgage, and that in case the defendants Beeler do not pay said judgment, the defendant W. K. Scott shall have the right to protect his property from the sale thereof by special execution by offsetting the amount of said judgment against the amount due the said W. K. Scott from the defendant C. R. Hadley, and said offset shall be evidenced by the said W. K. Scott, crediting that amount on the appearance docket in the District Court of Warren County, Iowa, on the Hadley judgment, and such credit shall amount to a satisfaction and payment of plaintiff's judgment so far as the defendant W. K. Scott is concerned, and will relieve the property of the said W. K. Scott from the lien of said chattel mortgage, and this foreclosure judgment and the judgment herein given in favor of the said W. K. Scott against the said Beelers shall be automatically increased by the amount of the credit made by the said W. K. Scott on the judgment against C. R. Hadley by reason of such offset, and the said W. K. Scott may have execution for the full amount thereof.

"It is further ordered that the Beelers and Scott have sixty

days from the 1st day of April, 1929, in which to complete the transfer of the land situated near Hazelton, Iowa, and that if the Beelers desire to take said land subject to the $3,000.00 mortgage placed thereon by W. K. Scott that said sum then be deducted from the judgment held by W. K. Scott against the Beelers as hereinbefore set forth.

"It is further ordered that the costs of this action be paid, including an attorney fee in favor of O. C. Brown in the sum of $45.23, one-third by the defendant C. R. Hadley, one-third by the defendants Beeler, and one-third by the defendant W. K. Scott.

"To all of which the defendants and plaintiff and each of them at the time duly excepted.

"E. W. Dingwell,
"Judge."

Both the plaintiff B. D. Jenkins in the equity action and the defendant C. R. Hadley in the law action undertook to appeal. In the appeal of Jenkins, no notice was served on Hadley, and in the appeal of Hadley, no notice was served on Jenkins. In due time, a motion was made to dismiss the Jenkins appeal, and that motion was sustained.

At the threshold of this case, there is a motion to dismiss the appeal of Hadley.

I. In Taylor v. Woodburn Bank, 198 Iowa 772, this court said:

"This is one of the cases where the judgment appealed from cannot be modified or reversed without injuriously affecting the interests of the Gammons. Under such circumstances, we cannot consider the appeal or enter a decree in this court without having jurisdiction of all of the parties, and without service of notice of appeal upon the Gammons. Without having the Gammons before us, we cannot take from them, by decree, the credit which the trial court gave them upon their indebtedness to appellee; nor can we modify the judgment against them, as we should in equity be required to do, if the proceeds of the certificates of deposit were to be given to appellant. Our cases seem to sustain this conclusion under a variety of circumstances. Hunt v. Hawley, 70 Iowa 183; Laprell v. Jarosh, 83 Iowa 753; McCarty v. Campbell, 166 Iowa 129; Dillavou v.

Dillavou, 130 Iowa 405; Clayton v. Sievertsen, 115 Iowa 687; In re Will of Downs, 141 Iowa 268; Oskaloosa Sav. Bank v. Miller, 189 Iowa 393. See, also, State Sav. Bank v. Guaranty Abst. Co., 181 Iowa 1378.''

This court said in In re Assignment of Lounsberry, 208 Iowa 596:

''But in this jurisdiction, by force of statute, notice of appeal must be served 'on the adverse party.' Section 12837. Any party who would be prejudiced by a reversal is an adverse party, upon whom notice must be served, or the court will be without jurisdiction. State Sav. Bank v. Guaranty Abst. Co., 181 Iowa 1378; Taylor v. Woodburn Bank, 198 Iowa 772; Hafer v. Medford & C. L. R. Co., 60 Ore. 354, (117 Pac. 1122, 119 Pac. 337).''

See also Waterloo Savings Bank v. Town of Redfield, 213 Iowa 871. Other cases might be cited.

The inquiry before us at this point is whether Jenkins is a necessary party to the appeal of Hadley. An examination of the pleadings, the testimony and the court's decree abundantly satisfy us that he is. There are many reasons for this conclusion, a few only of which we will here set forth.

From the third paragraph of the decree which was filed in this consolidated case, it will be noted that Jenkins recovers a judgment for about $800.00, with interest, against the Beelers, and that the chattel mortgage securing plaintiff's judgment is foreclosed upon the shop, office and garage equipment, automobiles, etc.; but the court finds ''that the defendants W. K. Scott, Louisa Scott, Lyd Adler and Lacona Auto now own the personal property above described, subject to plaintiff's chattel mortgage, and that in case the defendants Beeler do not pay said judgment the defendant W. K. Scott shall have the right to protect his property from the sale thereof by special execution by offsetting the amount of said judgment against the amount due the said W. K. Scott from the defendant C. R. Hadley, and said offset shall be evidenced by the said W. K. Scott, crediting that amount on the appearance docket in the District Court of Warren County, Iowa, on the Hadley judgment, and such credit shall amount to a satisfaction and payment of plaintiff's judgment so far as the defendant W. K.

Scott is concerned and will relieve the property of the said W. K. Scott from the lien of said chattel mortgage.''

In the consolidated case, one question is whether Jenkins is entitled to a judgment and to a foreclosure of his mortgage on the chattel property in controversy; second, whether the claim of Scott against Hadley was proven and proper; and third, whether, if Scott is entitled to a judgment against Hadley, same is a proper offset.

One of the errors relied upon for reversal by the appellant Hadley is as follows:

''The court erred in awarding any judgment offset against the note formerly held by the said Hadley and sold to Jenkins for the reason that the evidence shows there had been a full and complete settlement of all claims between the said Scott and Hadley prior to the bringing of this action.''

There is also involved in the case the question of the payment of costs.

The burden is on Hadley to show that Jenkins could not in any manner be affected adversely by anything this court might do on this appeal in equity. This burden has not been successfully borne. The rights of the various parties in this consolidated case are much intertwined. In doing equity, this court might in many ways affect adversely the interests of Jenkins. Not having been served with notice and his appeal having been dismissed, he is not before us.

Without further elaboration, we hold that the appeal of Hadley cannot be considered by this court because notice was not served on Jenkins, as required by law.

The appeal is—Dismissed.

FAVILLE, C. J., and EVANS, MORLING, and KINDIG, JJ., concur.